**Stewart P. GREEN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–944.**

United States Court of Veterans Appeals.

Submitted Aug. 20, 1991.

Decided Nov. 18, 1991.

Stewart P. Green, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Michael P. Butler, were on the pleadings, for appellee.

Before MANKIN, HOLDAWAY and IVERS, Associate Judges.

PER CURIAM:

Appellant, Stewart P. Green, has noted an appeal from a June 25, 1990, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to a complete waiver of recovery of a loan guaranty indebtedness. We find the decision of the BVA is supported by the evidence of record and find no legal or factual error contained in the decision which would warrant reversal. *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Accordingly, we hold that summary disposition is appropriate in this case. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

In 1976, Mr. Green purchased a home in New York for which he obtained a Veterans' Administration (VA) guaranteed mortgage loan in the amount of $35,500. R. at 7–10. In 1979, the VA was informed that Mr. Green had defaulted on the loan. The VA Regional Office (VARO) sent several notices to Mr. Green regarding actions to be taken with respect to his delinquency but received no response from him. R. at 12–17. A judgment of foreclosure was rendered by the Supreme Court of New York in 1980, and the foreclosure sale resulted in a deficiency of $7,382 which the VA paid. R. at 34–36. In 1988, Mr. Green applied to the VA for a waiver of indebtedness. The VARO applied 38 U.S.C. § 3102(c) (1972) to determine whether or not to grant the waiver. The statute provided that two requirements must be met: (1) that the veteran not be guilty of "fraud, misrepresentation, material fault, or lack of good faith" in the creation of the debt, and (2) that collection of the debt by the VA would be "against equity and good conscience" under 38 C.F.R. §§ 1.964 and 1.965. 38 U.S.C. § 3102(c) (1972) (now § 5302(c)) has since been amended by the Veterans' Benefits Amendments of 1989, Pub.L. No. 101–237, but the amendments are not relevant to the disposition of this case. The VARO found that Mr. Green met the first requirement but that collection of the debt would not be against equity and good conscience since Mr. Green was paying several other creditors each month and therefore should also be able to make payments to the government. In reviewing the case, the BVA noted that factors in this case, such as Mr. Green's psychiatric disability, which may have contributed to his home loan default, called for some moderation in the exercise of the government's rights. Consequently, the Board waived half of the debt, deciding that recovery of half of it would not be inequitable. R. at 4.

The Court finds that the BVA properly applied an existing rule of law to the facts in this case and that its decision was not arbitrary or capricious or an abuse of discretion. *Smith v. Derwinski*, 1 Vet.App. 267, 279 (1991). We further find that the BVA committed no legal or factual error in reaching its decision and that the case otherwise meets the standards for summary affirmance set forth by this Court in *Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, the appellee's motion for summary affirmance is GRANTED and the decision of the BVA is AFFIRMED.