**David P. LLANES, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–465.

United States Court of Veterans Appeals.

Submitted Nov. 12, 1991.

Decided Feb. 18, 1992.

David P. Llanes, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Angela Foehl, Washington, D.C., were on the pleadings, for appellee.

Before IVERS, Associate Judge.

## MEMORANDUM DECISION

IVERS, Associate Judge:

Appellant, David P. Llanes, seeks review of a February 28, 1991, decision of the Board of Veterans' Appeals (BVA or Board). In that decision, the BVA denied service connection for appellant's hearing loss. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052).

The veteran served in the U.S. Navy from August 1967 to May 1971. R. at 8. His preinduction examination reflects slight hearing loss in the right ear on the audiometric test. R. at 4. There is no other indication of hearing deficiency in his service medical records, although his separation examination report shows that he was not administered an audiometric test upon separation. R. at 7. Reports of two audiological examinations given at an Air Force clinic in 1984 and 1985 show hearing loss in the right ear and an increase in hearing loss in the left ear from that reflected in the preinduction examination. R. at 64–65. A private physician reported in a letter dated October 27, 1989, that an examination of the veteran in 1988 revealed a mild to moderate sensorineural hearing loss bilaterally. R. at 63. Although hearing loss is documented in these medical reports from the 1980's, the reports do not reveal the cause of the hearing loss nor are there any physician's statements or speculations of record regarding the cause of the hearing loss.

The veteran argues that his hearing loss was caused during his service in the Navy when he was exposed to high noise levels while working in boiler rooms and engine rooms. The Board acknowledged that the veteran "worked in an occupation in service that was in a noisy environment" but concludes that he "has not established that this noisy environment caused hearing loss, or aggravation of the same." BVA Decision at 4–5. This Court noted in *Smith v. Derwinski,* 2 Vet.App. 137, 139–40 (1992), that "the Secretary is not required to accept every bald assertion made by a veteran as to service incurrence or aggravation of a disability." *See also Wood v. Derwin-*

*ski,* 1 Vet.App. 190 (1991) (the BVA was not required to accept the veteran's uncorroborated statements regarding service connection). In *Smith,* the appellant, like Mr. Llanes, served in the U.S. Navy and later suffered hearing loss which he claimed was the result of exposure to high levels of noise during service. Mr. Smith's service medical records did not reveal any hearing loss. However, unlike the instant case, the medical records of examinations conducted a few years after Mr. Smith's separation from service revealed marked hearing loss and contained an opinion from his physician that "this condition has existed for some time...." *Smith,* at 138. Moreover, the noise that Mr. Smith was exposed to was that of intense, continuous gunfire during combat, and the Court held that the BVA failed to apply 38 U.S.C. § 1154 (formerly § 354) to the facts of the case. *Smith,* at 137. Although Mr. Llanes served in the Navy during a period of war, there is nothing in the record to show that he experienced combat and that the BVA should have considered his claims in light of § 1154(b) and 38 C.F.R. § 3.304(d) in determining his case.

Therefore, upon consideration of the Secretary's motion for summary affirmance, supporting memoranda, appellant's informal brief, and a review of the record, it is the holding of the Court that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal. The Court is also satisfied that the BVA opinion satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

Therefore, appellee's motion for summary affirmance is GRANTED and the decision of the BVA is AFFIRMED.