William H. HODSDEN, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1528.

United States Court of Veterans Appeals.

June 22, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, veteran William H. Hodsden, appeals from a September 20, 1990, decision of the Board of Veterans' Appeals (BVA) denying service-connected disability compensation for asserted residuals of exposure to ionizing radiation. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. The BVA decision will be affirmed.

The veteran served on active duty from March 1955 to March 1958. R. at 9. He claims that his thyroid disorder, muscular fibrosis, and skin lesions of the neck and

thigh are residuals from his exposure to ionizing radiation during nuclear testing conducted at the Nevada Test Site on August 30 and 31, 1957. R. at 256–60.

■ Veterans may receive service-connected disability compensation under two processes for disabilities which may be associated with radiation exposure: First, a presumption of radiation exposure is created if a veteran develops one of thirteen listed disorders during service, or within the specified statutory period following separation from service, and the veteran had engaged in certain "radiation-risk activities" during service. 38 U.S.C. § 1112(c) (formerly § 312); 38 C.F.R. § 3.309(d) (1991). The conditions from which this veteran suffers, however, are not included among the listed disorders. Thus, the BVA concluded that a presumption of service connection for the veteran's conditions was not supported under applicable law and regulation. *William H. Hodsden,* BVA 90–——, at 7 (Sept. 20, 1990).

■ Second, without regard to these presumptions, if a veteran can establish that a disability arose from exposure to ionizing radiation while in active service, then he also is eligible for compensation for that disability. 38 U.S.C. § 1110 (formerly § 310); 38 C.F.R. § 3.303(a) (1991). Claims for service connection for diseases not given presumptive service-connected status by the law are considered under special regulations, prescribed pursuant to the Veterans' Dioxin and Radiation Exposure Compensation Standards Act, Pub.L. No. 98–542, 98 Stat. 2725 (1984), and 38 U.S.C. § 1154(a) (formerly § 354). These regulations list sixteen diseases as "radiogenic diseases", 38 C.F.R. § 3.311b(b)(2) (1991), and specify that for a veteran with any such disease manifested within a specified time period who may have been present at a nuclear test, a special adjudication procedure will be followed. 38 C.F.R. § 3.311b (1991). The veteran here does not suffer from any of these sixteen diseases (some of which are also accorded presumptive service-connected status under 38 U.S.C. § 1112(c)).

■ Moreover, the veteran's service records indicate that he was confined in the post stockade at Ft. Lee, Virginia, during the nuclear testing conducted at the Nevada Test Site on August 30 and 31, 1957. R. at 373–79. A letter from an official in the Nuclear Division of the Department of the Army reported that, after following up on information provided by the veteran, no confirmatory evidence was found indicating that he had participated in the nuclear testing. R. at 331. The BVA, therefore, concluded that the weight of the evidence was against the veteran's claims that he was exposed to radiation during service and that there could be no direct or presumptive service connection for his disabilities.

■ The Court reviews BVA factfinding under a "clearly erroneous" standard; "if there is a 'plausible' basis in the record for the factual determinations, we cannot overturn them". *Gilbert v. Derwinski,* 1 Vet. App. 49, 53 (1990); 38 U.S.C. § 7261(a)(4) (formerly § 4061). The Court holds that the BVA's findings of fact in this case do have a plausible basis in the record and hence are not subject to reversal as clearly erroneous. The veteran's conditions are not covered by the relevant statutory and regulatory provisions creating a presumption of radiation exposure. Furthermore, there is substantial evidence indicating that the veteran was not directly exposed to radiation from the nuclear testing because of his confinement in Ft. Lee, Virginia, during the test period. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990).

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's informal brief, it is held that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052,

3007, 4004, 4061) and the analysis in *Gilbert*. The Secretary's motion is granted and the September 20, 1990, BVA decision is affirmed.

AFFIRMED.