Cleda V. **FRANKEL**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 89–167.

United States Court of Veterans Appeals.

Submitted May 9, 1990.

Decided Aug. 17, 1990.

As Amended Aug. 19 and Aug. 21, 1991.

**24**

Cleda V. Frankel, pro se.

Raoul L. Carroll, Gen. Counsel, Andrew J. Mullen, then Acting Asst. Gen. Counsel, and Craig M. Kabatchnick, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Cleda V. Frankel, applied for death pension benefits as the surviving spouse of the veteran David Frankel. The Board of Veterans' Appeals (BVA) denied appellant's claim, finding that she and the veteran were divorced prior to his death. On appeal, appellant argues that the civil divorce did not dissolve the religious marriage and that she is therefore entitled to death pension benefits as the spouse of a veteran. We disagree and affirm the decision of the BVA.

Although this appeal has been briefed, it would have been perhaps more appropriate, given the clarity of the relevant statute, for the Secretary to have moved for summary affirmance. In order to provide guidance to present and future litigants, we take this opportunity to announce the criteria which this Court will use in summarily ruling on decisions of the BVA in future cases.

■ Review of the present case discloses that there are no disputed material facts. The Frankels were married in a civil ceremony on March 13, 1949, in Oakland, Maryland. Later, on October 29, 1949, the couple married in a religious ceremony. On August 19, 1985, appellant was granted a decree totally dissolving the marriage in the Circuit Court of Rockingham County, Virginia, a court of competent jurisdiction. The veteran died on May 20, 1988.

The issue before the Court is the legal significance, if any, of the religious marriage ceremony in determining eligibility to death pension benefits as the surviving spouse of a veteran. The provisions of 38 U.S.C. § 103(c) (Supp. V 1987) are dispositive:

In determining whether or not a person is or was the spouse of a veteran, their marriage shall be proven as valid for purposes of all laws administered by the [Department of Veterans Affairs] according to the law of the place where the parties resided at the time of the marriage or the law of the place where the parties resided when the right to benefits accrued.

Appellant's right to benefits, if any, accrued at the veteran's death in May 1988. At that time, she and the veteran were divorced. The BVA correctly determined appellant was ineligible for death pension benefits as the surviving spouse of a veteran. We hold as a matter of law that the religious ceremony is irrelevant to the benefits sought here.

As with most of the appellate courts in this country, we find it necessary to articulate, within the limits of our review and dispositional authority, when summary disposition is appropriate. To do so, it is first necessary to outline that authority.

The primary purpose for creating the U.S. Court of Veterans Appeals was to provide for judicial review of BVA decisions. The Court's enabling legislation provides, "The Court of Veterans Appeals shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals.... The court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter as appropriate." 38 U.S.C.A. § 4052 (West Supp. 1990). "The Court may hear cases by judges sitting alone or in panels," 38 U.S.C.A. § 4054(b) (West Supp.1990), or en banc. 38 U.S.C.A. § 4067(d)(2) (West Supp. 1990).

■ The standard of review to be employed by the Court when reviewing BVA decisions is determined by whether the issues presented on appeal were questions of law or of fact. The Court's enabling legislation provides:

In any action brought under this chapter, the Court of Veterans Appeals, to the extent necessary to its decision and when presented, shall—

(1) decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the [Secretary];

(2) compel action of the [Secretary] unlawfully withheld or unreasonably delayed;

(3) hold unlawful and set aside decisions, findings (other than those described in clause (4) of this subsection), conclu-

sion, rules and regulations issued or adopted by the [Secretary], the Board of Veterans' Appeals, or the Chairman of the Board found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or

(D) without observance of procedure required by law; and

(4) in the case of a finding of material fact made in reaching a decision in a case before the [Department of Veterans Affairs] with respect to benefits under law administered by the [Department of Veterans Affairs], hold unlawful and set aside such finding if the finding is clearly erroneous.

38 U.S.C.A. § 4061(a) (West Supp.1990).

If, upon consideration of the record, the Court cannot say the factual findings of the BVA are "clearly erroneous," *see* 38 U.S.C.A. § 4061(a)(4); *Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990); or that there is an error of law, the Court is obligated to affirm the BVA's decision. Due regard must be given by the Court to the rule of prejudicial error. 38 U.S.C.A. § 4061(b).

■ Whether a decision warrants an opinion of the Court or whether it should be summarily decided by order is, to a great extent, a function of its precedential value. The Court has surveyed the standards for summary disposition found in internal operating procedures and local rules for other federal appellate courts. We have chosen to adopt the following standard for summarily acting on BVA decisions appealed to the Court: If, after due consideration, the Court determines that the case on appeal is of relative simplicity and

1. does not establish a new rule of law;

2. does not alter, modify, criticize, or clarify an existing rule of law;

3. does not apply an established rule of law to a novel fact situation; .

4. does not constitute the only recent, binding precedent on a particular point of law within the power of the Court to decide;

5. does not involve a legal issue of continuing public interest; and

6. the outcome is not reasonably debatable,

the decision of the BVA may be affirmed or reversed on motion for summary disposition by either party, or on the Court's own initiative, by an order and judgment without opinion.

 By statute, this Court may sit by single judge, in panels of three or en banc, 38 U.S.C.A. §§ 4054(b), 4067(d)(2). Single judges will consider and decide cases identified for summary consideration and decision. Under the internal operating procedures of the Court, there will be internal circulation of a proposed decision with time and opportunity for non-sitting judges to respond.

In anticipation of a heavy case load the Court has implemented a case management system with a central legal staff assigned to evaluate the cases as soon as issues are identified and relative simplicity or complexity can be determined. This process, sometimes entailing a personal or telephone conference between a staff attorney and the parties, will make it possible to treat a considerable number of cases without full briefing and oral argument. To this end, the initial staff evaluation and recommendation can lead to expedited disposition on truncated memoranda or motions for summary disposition and responses in lieu of briefs.

It is now obvious that this decision does establish a new rule of law (albeit one consistent with 38 U.S.C. § 103(c)) that a religious marriage ceremony does not survive a civil divorce for purposes of entitlement to benefits under laws administered by the Department of Veterans Affairs. In the future, a case presenting the same issue may be summarily decided under the criteria announced today. However, it should not be concluded from this decision that all issues initially decided by the Court require an opinion. For example, appeals involving decisions of the BVA which are consistent with general federal law, or cases presenting purely questions of law regarding sufficiency of the evidence to support denial of benefits or the application of the clearly erroneous standard, *see* 38 U.S.C.A. § 4061(a)(4), are subject to summary disposition without antecedent precedent in our opinions. Accordingly, this Court will, on a case by case basis, decide summarily those relatively simple cases where the outcome is not reasonably debatable.