**Roy WITHERSPOON, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 89–143.**

United States Court of Veterans Appeals.

March 8, 1991.

Before KRAMER, HOLDAWAY and STEINBERG, Associate Judges.

### ORDER

PER CURIAM.

In response to appellant's brief, filed October 22, 1990, the Secretary of Veterans Affairs has filed a motion for summary affirmance and to stay further proceedings. On consideration of these pleadings, it is

ORDERED that the Secretary's motion is denied. This case on appeal does not fit the criteria for summary affirmance announced by the Court in *Frankel v. Derwinski*, 1 Vet.App. 23 (1990). The case is not one of "relative simplicity" and involves an issue of the Department of Veterans Affairs' (VA) adherence to regulatory procedures. *Frankel*, at 25–26. It is further

ORDERED that these proceedings are remanded to the Board of Veterans' Appeals (BVA) for redetermination of appellant's claim for service connection after any VA records of appellant's treatment by VA in 1988 for conditions possibly related to his present claim, and any medical examination or opinion described in the next paragraph, have been included in the record and considered by the BVA. *See* 38 C.F.R. §§ 3.103(b) ("Any evidence ... offered by a claimant in support of a claim ... [is] to be included in the records ...") and 3.303(a) ("Each disabling condition ... for which [a veteran] seeks service connection must be considered on the basis of ... his medical records and all pertinent medical and lay evidence. Determinations as to service connection will be based on review of the entire evidence of record ..."). It is further

ORDERED that, if a review of any such existing 1988 VA medical records suggests a reasonable possibility that appellant's current disabilities are in any way related to or a residual of those experienced in service, *cf. Green v. Derwinski*, 1 Vet.App. 121, 123 (1991) (service connection still possible even though current disability not subsequent manifestation of "chronic disease"), the BVA should consider the need for a remand of the case to the agency of original jurisdiction for a compensation examination of appellant and, in connection therewith, for a medical opinion as to whether his current disabilities are in any way related to or a residual of those experienced in service. *See Green*, at 124 (duty to assist may include thorough and contem-

poraneous medical examination); *Littke v. Derwinski,* 1 Vet.App. 90, 92 (1990) (to the same effect).

Nothing in the foregoing order is intended to suggest an opinion of the Court as to the appropriate disposition of appellant's claim.