Robert B. BROWNRIGG, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–1120.

United States Court of Veterans Appeals.

Sept. 21, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, Vietnam veteran Robert B. Brownrigg, appeals from a March 5, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for an acquired psychiatric disorder, including post-traumatic stress disorder (PTSD). Because the Court finds that the Board's findings of fact are not clearly erroneous and the Board did not commit prejudicial error in its adjudication, the decision will be affirmed.

The veteran served on active duty in the U.S. Army from July 2, 1965, to June 21, 1968, including service in Vietnam. R. at 1. At the time of his entry into service, a prior history of psychiatric problems, including a 1961 hospitalization, was noted. R. at 4. Service records do not reveal any treatment or complaints of psychiatric problems in service; nor do they indicate whether the veteran ever engaged in combat with the enemy, although his participation in "[Vietnam] Counter Offensive Phase III" is noted. R. at 64.

Subsequent to service, the veteran was hospitalized in 1972 for problems which were then diagnosed to include schizophrenia. R. at 66. A private medical report from 1979 contains a diagnosis of "a mixture of hysterical and passive-aggressive dependent personality". R. at 71. A 1980 medical report from a Veterans' Administration (now Department of Veterans Affairs) (VA) outpatient clinic (OPC) in Rochester, New York contains diagnoses of explosive personality disorder and antisocial personality disorder. R. at 90. A private medical report in May 1986 revealed diagnoses of "Mixed personality disorder: schizotypical, passive-aggressive, histrionic, and asocial features", and "Intermittent Explosive Disorder". R. at 98. A June 1986 report from a VAOPC noted that the veteran complained of suffering flashbacks related to Vietnam; the examiner's impression was "personality disorder ... [rule out] PTSD". R. at 130. In September 1986, the veteran was admitted to a PTSD unit at a VA Medical Center (MC) in Buffalo, New York. R. at 133–34. In December 1986, an examiner at the Rochester VAOPC diagnosed the veteran as suffering from PTSD. R. at 146.

On February 25, 1987, a VA Regional Office (RO) denied the veteran entitlement to service-connected disability compensation for PTSD, stating: "The evidence of record, when viewed as a whole, fails to show objectively verified life-threatening stressors during Vietnam service to support the current diagnosis of [PTSD] when coupled with the veteran's prior psychiatric history." R. at 161. On November 17, 1987, the veteran appeared at a personal hearing before the RO and testified under oath as to certain stressful events in service as well as incidents in which he engaged in combat with the enemy. R. at 181–95. In a November 1, 1987, outpatient report from an Army hospital, where the veteran received treatment as the spouse of an active duty servicewoman, the examiner noted that the veteran had "PTSD by [history]". R. at 203. Thereafter, the RO received a February 5, 1988, letter from Dr. Tomi MacDonough, an Army clinical psychologist at Fort Hood, who stated that the veteran had asked him to submit to VA a clinical report evaluating the veteran's condition. R. at 210. Dr. MacDonough stated that, due to the complexity of the case and the shortage of manpower at the facility, he was unable to prepare such a report within the time limit set by the VA for the submission of additional evidence. R. at 210–11.

In a November 8, 1988, decision, the BVA remanded the veteran's claim to the RO with instructions to seek to obtain medical records from the veteran's private hospitalization in 1961; to determine whether any psychological studies had been completed by the examiners at Fort Hood; to seek to obtain verification, from the U.S. Army and Joint Services Environmental Group (ESG), of the claimed stressors; and, once that information had been compiled, to provide for an examination by a board of two psychiatrists, with the veteran's full claims file before them, for purposes of describing all clinical manifesta-

tions of any psychiatric disorder. R. at 215–17.

The ESG was unable to verify any of the claimed stressors, apparently due to a lack of specificity as to the dates and places of the claimed stressors. R. at 222–23. The RO obtained the records of the veteran's 1961 hospitalization. R. at 224–26. The RO also requested and obtained medical records from Fort Hood, but no clinical study from Dr. MacDonough was included with those records. R. at 232–35.

In the report of a May 7, 1990, examination pursuant to the BVA remand, a board of two VA psychiatrists, after reviewing the veteran's records, found that there was no objective evidence of PTSD stressors in service, and that, even assuming that there were adequate stressors in service, there was "not sufficient evidence that the veteran avoids stimuli associated with the trauma or that he has a numbing of general responsiveness." R. at 238. The examiners concluded that the diagnosis of PTSD was not justified, and that the correct diagnosis of the veteran's condition was "personality disorder, not otherwise specified, with borderline and antisocial features". R. at 239.

In its March 25, 1991, decision, the BVA denied service connection for an acquired psychiatric disorder, stating: "While the veteran has, in the past, been diagnosed as having various acquired psychiatric disorders, the most recent evaluation by a board of two VA psychiatrists who reviewed his records and examined the veteran resulted in a diagnosis of a personality disorder and no acquired psychiatric disorder." *Robert B. Brownrigg*, BVA 91–09504, at 5 (Mar. 25, 1991).

On this appeal, the veteran requests the Court to reverse the Board's decision and order an award of service connection for PTSD. The veteran further asserts that the Board failed either to seek to obtain or to include in the record various documents from VA and Army facilities which were pertinent to his claim. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance, and asserts, in partial response to the veteran's arguments, that all pertinent medical records in the veteran's file have been included in the record on appeal.

■ Pursuant to 38 U.S.C. § 7261(a)(4) (formerly § 4061), the Court reviews BVA factfinding under a "clearly erroneous" standard; "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them". *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). Here, the report of the May 1990 board of VA psychiatrists examination provides a plausible basis for the BVA's conclusion that the veteran does not currently suffer from an acquired psychiatric disorder, including PTSD. Therefore, that conclusion is not subject to reversal as a clearly erroneous finding of fact.

■ The Court notes that the BVA's statement of the reasons or bases for its conclusion does not adequately address all of the evidence favorable to the veteran. Pursuant to 38 U.S.C. § 7104(d)(1) (formerly § 4004) and the Court's decision in *Gilbert*, the Board's reasons or bases must include "an analysis of the credibility or probative value of the evidence submitted by and on behalf of the veteran in support of his claim [and] a statement of the reasons or bases for the implicit rejection of this evidence by the Board." *Gilbert*, 1 Vet.App. at 59. Here, the evidence of record includes a December 1986 examination report from a VA psychiatrist diagnosing the veteran with PTSD (R. at 146), yet the Board did not explain its evaluation of the credibility or probative value of that evidence. The only reason given by the Board for its rejection of this evidence was that the recent evaluation by the two VA psychiatrists who had reviewed the veteran's records and examined him had yielded a diagnosis of no psychiatric disorder. This was not sufficient to explain to the veteran why the BVA found that recent report more probative than the December 1986 report.

The Court holds, however, that the Board's failure to provide a complete statement of its evaluation of the veteran's evi-

dence is at most, in this case, harmless error, *see* 38 U.S.C. § 7261(b) (formerly § 4061), because the Court finds that there is no evidence which could support a finding of service connection for PTSD. The most recent examination in May 1990 revealed that there is inadequate symptomatology to support a finding of PTSD, and specifically stated that the prior diagnosis of PTSD was unsupported. As the Court held in *Rabideau v. Derwinski*, 2 Vet.App. 141, 143 (1992), to support award of service connection, there must be evidence of a current disease or injury.

Moreover, the only medical evidence containing a relatively contemporaneous diagnosis of PTSD—the December 1986 examination report—is inadequate to support an award of service connection for PTSD. Pursuant to 38 C.F.R. § 4.126 (1991), in order for service connection to be established for a mental disorder, a substantiated diagnosis must be made in accordance with the American Psychiatric Association's DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, THIRD ED. (DSM–III). Section 4.126 further provides: "A diagnosis not in accord with [DSM–III] is not acceptable for rating purposes". The DSM–III diagnostic criteria for PTSD require specific findings in five categories. DSM–III 247–51; *see also* VA Adjudication Procedure Manual, M21–1, part VI, para. 7.46 (adopting the same criteria). The December 1986 report, unlike the May 1990 report, does not contain specific findings of symptoms in accordance with the DSM–III criteria, and, therefore, could not support an award of service connection for PTSD under 38 C.F.R. § 4.126 (1991). *See also* 38 C.F.R. § 4.2 (1991) (if diagnosis is not supported by findings or if examination report contains insufficient detail, examination report must be returned as inadequate for evaluation purposes); *Schafrath v. Derwinski*, 1 Vet.App. 589, 594–95 (1991).

The veteran asserts that the Board breached its duty to assist in developing the facts pertinent to his claim, 38 U.S.C. § 5107(a) (formerly § 3007), by failing to seek to obtain records of his participation in a PTSD program in September 1986 at the Buffalo VAMC. It is not clear from the record whether those records were ever requested by the RO or the BVA. However, in light of the overwhelming evidence that the veteran does not currently suffer from PTSD, including the opinions of the board of two VA psychiatrists in May 1990 (R. at 238–39) and of a VA psychiatrist in June 1986 (R. at 130), all specifically ruling out a diagnosis of PTSD, the Court holds that there is no basis for ordering a remand to seek to obtain those records "in the face of overwhelming evidence in support of the result in a particular case. Such [an order] would result in this Court's unnecessarily imposing additional burdens on the BVA and [VA] with no benefit flowing to the veteran.... *See* 38 U.S.C. § 7261(b)." *Soyini v. Derwinski*, 1 Vet. App. 540, 546 (1991).

Upon consideration of the record, the appellant's informal brief, the Secretary's motion for summary affirmance, and the appellant's response to that motion, the Court holds that the appellant has not demonstrated that the BVA committed prejudicial error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal, on the facts of this case, under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(*l*), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert, supra*. The Court further holds that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Secretary's motion for summary affirmance is granted and the March 25, 1991, BVA decision is affirmed.

AFFIRMED.