Harry B. FARRIS, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 90–1092.

United States Court of Veterans Appeals.

Jan. 5, 1993.

As Amended Jan. 13, 1993.

Before KRAMER, Associate Judge.

MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant appeals a June 13, 1990, decision of the Board of Veterans' Appeals (BVA) which denied appellant's claim for entitlement to service connection for carcinoma of the testicle and urinary bladder due to ionizing radiation pursuant to 38 U.S.C. § 1112(c) (formerly § 312(c)). The Court has jurisdiction under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

Harry B. Farris, the veteran, served on active duty from July 1944 to August 1946. R. at 51. The veteran participated in the occupation of Hiroshima, Japan, from October 7, 1945, to December 23, 1945. R. at 21. Service medical records were negative for symptomatology relating to carcinoma of the urinary bladder and testicle. It is uncontested that the veteran had testicular carcinoma as early as August 1960 and carcinoma of the bladder as early as November 1983. In an October 13, 1987, decision, the BVA denied entitlement to service connection for carcinoma of the urinary bladder because the condition was not incurred or aggravated in service, pursuant to 38 U.S.C. § 1110 (formerly § 310), and denied service connection under 38 C.F.R. § 3.311b (1991), which provides for certain procedures, including review by the Chief Benefits Director of the Department of Veterans Affairs (VA), with respect to certain radiation-exposed veterans who have one or more of 17 carcinomas. The BVA referred the issue of entitlement to service connection for postoperative residuals of left testicular carcinoma to the originating agency for appropriate action, which was taken, and is now final.

In a letter, dated February 23, 1989, to a VA Regional Office (RO), appellant requested that his claim be reopened and stated, in pertinent part: "I understand that there is considerable change in the law regarding veterans exposed to [radiation]. In particular, I refer to PL 100–321[,] which deals with [radiation exposure]." R. at 56. Appellant submitted additional evidence which consisted of an article from the JOURNAL OF RADIATION RESEARCH Vol. 22, pages 456–78, entitled, "Mortality Statistics among Atomic Bomb Survivors in Hiroshima Prefecture," by M. Kurihara, et al. R. at 72–81. The article examined the effects of atomic bomb radiation on three groups of Japanese, those who were present during the bombing, those who entered the area within three days after, and those who entered the area within four to fifteen days after.

The June 13, 1990, decision of the BVA, which is now before the Court, examined

appellant's claim under the Radiation–Exposed Veterans Compensation Act of 1988, Pub.L. No. 100–321, § 2(a), 102 Stat. 485 (1988) (codified, in part, at 38 U.S.C. § 1112(c) (formerly § 312(c)), and 38 C.F.R. § 3.309(d) (1991). Prior to October 1, 1992, this law granted certain "radiation-exposed veterans", who contract one or more of 13 carcinomas, a presumption of service connection if one of the 13 carcinomas becomes manifest to a degree of ten percent or more within a 40–year period. 38 U.S.C. § 1112(c).

Appellant, in his brief, contends that this Court's holding in *Sawyer v. Derwinski*, 1 Vet.App. 130 (1991), requires that the VA provide for development of the veteran's radiation claim pursuant to 38 C.F.R. § 3.311b, to determine service connection.

Prior to October 1, 1992, neither of appellant's carcinomas was included in the list of diseases under 38 U.S.C. § 1112(c)(2) and 38 C.F.R. § 3.309(d)(2) (1991). Under the clear language of this statute, prior to October 1, 1992, and this regulation, neither of the veteran's carcinomas were eligible to receive the presumption of service connection. Additionally, 38 C.F.R. § 3.311b(c), promulgated pursuant to the Veterans' Dioxin and Radiation Exposure Act of 1984, Pub.L. No. 98–542, 98 Stat. 2725 (1984) (codified in part, at 38 U.S.C. § 1154(a)(2)), provides for a review by the Chief Benefits Director of the VA if a veteran contracts one or more of 17 radiogenic diseases. Urinary bladder cancer is one of these 17 radiogenic diseases; testicular cancer is not one of the recognized radiogenic diseases. 38 C.F.R. § 3.311b(b)(2)(i). The Chief Benefits Director must consider certain factors in determining whether "it is at least as likely as not" that a veteran's disease resulted from exposure to ionizing radiation in service. *See* 38 C.F.R. § 3.311b(c)(i). The BVA analyzed these issues regarding bladder cancer in its previous decision, considered the report of the Chief Benefits Director, and determined that appellant's bladder cancer was not service connectable pursuant to § 3.311b.

■ The October 13, 1987, BVA decision is final regarding § 3.311b in the absence of new or material evidence, 38 U.S.C. § 5108 (formerly § 3008), or clear and unmistakable error, 38 C.F.R. § 3.105(a) (1991). "New" evidence is "evidence which is not ... merely cumulative of other evidence on the record." *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). "Material" evidence is evidence that "is relevant and probative of the issue at hand." *Id.* Furthermore, evidence, to be new and material, must, when taken together with all the evidence of record, create a reasonable possibility that the outcome would be changed. *Id.; see also Manio v. Derwinski*, 1 Vet.App. 140 (1991). The only additional evidence submitted in 1989 consisted of the article from the JOURNAL OF RADIATION RESEARCH. While this evidence is new, it is not material because the mortality study demonstrates an increase in cancer deaths for a group of people that were in Hiroshima at the time of the atomic bombing or arrived there within fourteen days. Appellant is not a member of this group as he arrived in Japan two months after the bombing. Appellant's claim should not have been reopened as to § 3.311b because no new and material evidence was submitted. *See Godwin v. Derwinski*, 1 Vet.App. 419, 424–425 (1991).

■ Rather than denying reopening under 38 C.F.R. § 3.311b, the BVA denied appellant the relief he sought on the merits of the case. As this claim was not entitled to be reopened, any error in the decision of the BVA is considered harmless error. *See* 38 U.S.C. § 7261(b) (formerly § 4061(b)); *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1991).

As indicated above, appellant, in his brief, contends that this Court's holding in *Sawyer* requires that his condition should have been reviewed again by the Chief Benefits Director of the VA pursuant to 38 C.F.R. § 3.311b. *Sawyer* applies to eligible radiation-exposed veterans where the § 3.311b procedure had not already been applied. *Sawyer* does not apply to provide for a new § 3.311b procedure in the cases of veterans who already have had the benefit of this procedure when their attempted

reopening fails for want of new and material evidence.

■ During the pendency of this appeal, Congress enacted the Veterans' Radiation Exposure Act of 1992, Pub.L. No. 102–578 (new Act). Section 2 of this new Act amended 38 U.S.C. § 1112(c), effective October 1, 1992, to add, inter alia, "cancer of the urinary tract" as a disease for which a radiation-exposed veteran is entitled to service connection under 38 U.S.C. § 1112(c)(1), (c)(2). In addition, § 1112(c)(1), (c)(3) were also amended to remove, respectively, both the requirements of manifestation to a degree of 10 percent disability and manifestation within any specific period of time. Under *Karnas v. Derwinski*, 1 Vet.App. 308 (1991), the Court held that:

> where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to appellant should and we so hold will apply unless Congress provided otherwise or permitted the Secretary of Veterans Affairs (Secretary) to do otherwise and the Secretary did so.

*Karnas*, 1 Vet.App. at 313. Neither Congress nor the Secretary have provided for non-retroactivity of the new Act. Thus, although there is no error in the BVA decision, appellant is entitled to a readjudication of his claim for bladder cancer under the new law. It should be noted that no change has been made by the new Act regarding testicular cancer.

■ Upon careful consideration of the record and the briefs of the parties, the Court holds that summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). That part of the decision of the BVA denying service connection for carcinoma of the testicle is AFFIRMED. That part of the decision denying service connection for carcinoma of the urinary bladder is VACATED, and the case REMANDED for proceedings consistent with this decision.