**John H. AUTRY, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–854.

United States Court of Veterans Appeals.

March 8, 1993.

Before IVERS, Associate Judge.■

MEMORANDUM DECISION

IVERS, Associate Judge:

John H. Autry appeals a January 30, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied his claim for service connection for post-traumatic stress disorder (PTSD). The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance. The

Court has jurisdiction of the case under 38 U.S.C.A. § 7252(a) (West 1991).

The veteran served in the United States Army from May 1968 to April 1970, including combat service in Vietnam. R. at 1. A psychological evaluation report from a Department of Veterans Affairs (VA) clinic dated July 1989 reflects that the veteran met the criteria for a diagnosis of PTSD. R. at 32–33, 57, 59. In November 1989, the veteran was hospitalized in a VA hospital for observation and evaluation (O & E) for the purpose of determining whether he suffered from PTSD. R. at 34–56. The examining physician and the O & E team concluded that the veteran did not meet the criteria for a diagnosis of PTSD and did not have PTSD. *Id.* In September 1990, a Special Master for appeals in the Agent Orange Veteran Payment Program determined that the veteran was eligible for the benefits of that program based on total disability, and the Special Master noted that "the dominant cause of the veteran's disability is PTSD." R. at 74–75.

The Board, in denying the veteran's claim for service connection, found that "the July 198[9] evaluation has relatively less probative value, compared to the November 1989 examination, because of its lack of reported clinical findings and because it appears to have been based entirely on the veteran's reported history." *John H. Autry,* BVA 91–03060, at 4–5 (Jan. 30, 1991). In addition, the Board noted that, although the veteran indicated that he was wounded in action, a claim that he reported during the July 1989 evaluation (R. at 58), his service records do not reflect any such injury occurring in service. *Id.* at 3. Instead, his service medical records show that he sustained a small caliber gunshot wound to the back three or four years prior to his entry into the Army. R. at 4–5, 7–8. The Board also found the decision of the Special Master of less probative value than the clinical evaluation of November 1989, noting that the Master's decision "contains no indication as to what clinical evidence was considered." *Autry,* BVA 91–03060, at 4. The Board weighed the evidence of record and concluded that "[d]espite the veteran's report of some of the symptoms normally associated with [PTSD], the Board finds that the record does not demonstrate that the veteran's overall psychiatric picture, especially in light of the relative absence of pertinent positive clinical findings, can be reasonably attributed to [PTSD]." *Id.* at 5.

In this case, the Board considered conflicting evidence and explained why it chose one version of events rather than another. The Court holds that there is a 'plausible' basis in the record for the Board's determination and that therefore the BVA decision must be affirmed. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990) ("[T]his Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them.").

Upon consideration of the record, appellant's brief, the Secretary's motion for summary affirmance, and appellant's opposition to the Secretary's motion for summary affirmance, the Court holds that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal or remand. The Court is also satisfied that the BVA decision meets the "reasons or bases" requirements of 38 U.S.C.A. § 7104(d)(1) (West 1991) and that the Board did not err in applying the "benefit of the doubt" doctrine. 38 U.S.C.A. § 5107(b) (West 1991); *see Gilbert,* 1 Vet.App. at 53–58 (1991). It is further held that summary disposition is appropriate under *Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

Therefore, the Secretary's motion for summary affirmance is granted and the January 30, 1991, decision of the BVA is AFFIRMED.