**Malcolm L. STECK, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.**

No. 95–1219.

United States Court of Appeals
for Veterans Claims.

Oct. 8, 1999.

Before NEBEKER, Chief Judge, and
HOLDAWAY and IVERS, Judges.

**ORDER**

PER CURIAM:

By a single-judge memorandum decision
of June 29, 1999, this Court affirmed the
Board's decision of November 29, 1995.
In that decision, the Court declined to
entertain two issues which were not pre-
sented to the Court in the format pre-
scribed by Rule 28 of the Court's Rules of
Practice and Procedure. The appellant
now moves for reconsideration and for
panel review. On consideration thereof, of
the record on appeal, the pleadings of the
parties, and the June 29, 1999, decision, it
is

ORDERED that the motion for panel
review is granted. It is further

ORDERED that the June 29, 1999,
memorandum decision, published herewith,
is incorporated herein and adopted as part
of this decision. It is further

ORDERED that the following decision
of the Court addressing the points in the
appellant's brief that were not included in
the Statement of Issues, but were, incor-
rectly, raised in the "argument" portion of
the appellant's brief, constitutes the bal-
ance of the Court's decision in this appeal:

■ Pretermitting this Court's holding
of June 29, 1999, the Court concludes that
the arguments raised in the other points
presented by the appellant in his brief are
without merit. In addition to the argu-
ment addressed in the June 29, 1999,
memorandum decision, the appellant urges
that: (1) the Court should remand the case
so that the agency can comply with the
precedent opinions of the Court, and (2) a
remand is necessary so that VA can seek a
retrospective medical opinion on the ques-
tion whether the appellant's back disability
is related to service. Appellant's Brief
(Br.) at 13, 20. The appellant's first argu-
ment is constructed around the notion that
"a veteran can establish service connection
many years after service." Appellant's Br.
at 14; *see also* 38 C.F.R. § 3.303(b). The
appellant is correct; however, as the Sec-
retary argues, "the record as it stands
does not support [the appellant's] claim."
Secretary's Br. at 10. The lack of record
evidence is precisely the reason the appel-
lant's reliance on this Court's precedent

opinions fails. For example, the appellant relies, inter alia, on *Cosman v. Principi,* 3 Vet.App. 503 (1992), for the above-stated proposition. In *Cosman,* the medical evidence of record established a nexus between the veteran's diagnosed condition and service. See *Cosman,* 3 Vet.App. at 505. In the instant appeal, there is no such evidence. Thus, were the Court to indulge the appellant, and reach and decide this point, the appellant could not prevail.

 The appellant's reliance on this Court's precedent in support of his second argument is also misplaced. Relying on *Green v. Derwinski,* 1 Vet.App. 121 (1991), the appellant first characterizes the "necess[ity]" to remand as part of the Secretary's duty to assist. Appellant's Br. at 20. Without a well-grounded claim, the appellant lacks a right to Secretarial assistance. See *Brewer v. West,* 11 Vet.App. 228, 235 (1998); *Littke v. Derwinski,* 1 Vet.App. 90, 91–92 (1990). The appellant also relies on *Witherspoon v. Derwinski,* 2 Vet.App. 4 (1991), for the proposition that a remand is necessary in this case. The appellant's reliance on *Witherspoon* is misplaced. In *Witherspoon,* the record was incomplete, whereas in the instant case the record is not incomplete. Thus again, a holding on this question for a remand would not alter the result.

Based on the foregoing, the affirmance of June 29, 1999, remains undisturbed.

### MEMORANDUM DECISION

NEBEKER, Chief Judge.

The appellant, through counsel, appeals a decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to service connection for a back disability. Single judge disposition is appropriate under *Frankel v. Derwinski,* 1 Vet.App. 23 (1990). In his brief the appellant's counsel states in the "Statement of Issues" only this one issue:

Whether the agency's failure to consider Mr. Steck's statements and sworn personal hearing testimony as evidence requires a Court ordered remand for additional consideration and adjudication.

In the body of his brief he raises two afterthought issues. Such a format for a brief is not consistent with Rule 28 of the Court's Rules of Practice and Procedure. There are good reasons for precisely following the format provided by Rule 28 as well as the similar rules of other appellate courts. Issue identification in each case is necessary for the Court to maintain calendar control of cases presenting the same or similar issues. The responding party must be put on proper notice as to the issues presented. It is essential that the statement of the issues identify completely what the appeal is about. Then the argument section "must" contain "an argument, beginning with a summary, and containing appellant's contentions with respect to *the issues . . . .*" (Emphasis added). (Rule 28(a)(5) of the Court's Rules of Practice and Procedure). The Secretary, observing in his brief at page 2 that the afterthought issues are just that, says those issues are "abandoned." He cites *Bucklinger v. Brown,* 5 Vet.App. 435, 436 (1993). The Court, however, will not decide whether the *Bucklinger* abandonment holding extends to the additional issues identified in the body of the appellant's brief but not identified in the statement of issues where Rule 28 requires them to be stated.

Moreover, counsel for the appellant has not exercised his option to file a reply brief (*see* U.S. VET.APP. R. 28(c)) in order to respond to the Secretary's "abandonment" argument. He thus gives the appearance of no longer pressing these issues in the face of the Secretary's abandonment argument.

As to the issue presented, a reading of the Board's decision reveals that the appellant simply quarrels with the Board's weighing of the evidence. Section 7261(c) of title 38 U.S.Code precludes a favorable view of the substance of this argument. The argument advanced by the Secretary

**94**

in his brief (pages 7 to 13) accurately analyses the Board's decision. That analysis need not be replicated here. It is sufficient to say that the Court adopts it for purposes of affirming the Board's decision.

Accordingly, the Board's decision of November 29, 1995, is AFFIRMED.