**Richard P. DUNNAGAN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–849.**

United States Court of Veterans Appeals.

May 28, 1992.

Before IVERS, Associate Judge.

MEMORANDUM DECISION

IVERS, Associate Judge:

Appellant, Richard P. Dunnagan, seeks review of a February 1, 1991, decision of the Board of Veterans' Appeals (BVA or Board). In that decision, the Board denied service connection for sinusitis as a postoperative residual of surgery for a deviated septum. Appellant filed an informal brief on December 10, 1991. On February 5, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of proceedings pending a ruling on the motion. On February 18, 1992, appellant filed a response to the Secretary's motion. This Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

Appellant served on active duty in the United States Navy from January 11, 1946, to November 12, 1947, and in the United States Marine Corps from October 9, 1950, to November 3, 1951. R. at 1–2. On March 20, 1951, appellant was diagnosed with "[d]eflection of nasal septum (due to old injury)". R. at 16. On March 23, 1951, appellant underwent a septectomy and was released to duty. R. at 17. His service

records are silent as to any other treatment regarding his sinuses. On October 29, 1951, appellant underwent a separation examination and was found "physically qualified for release from active duty." R. at 20. His nose and sinuses were marked "normal" on his Report of Medical Examination for separation. R. at 22. On September 16, 1954, he was found "qualified for enlistment" in the United States Marine Corps Reserve. R. at 25. However, a deviated septum, right nostril, was noted on his medical reports. R. at 27.

Appellant filed a claim with the Veterans' Administration (now Department of Veterans Affairs) (VA) on August 11, 1988. R. at 3–6. On his application for compensation or pension form, appellant made a notation that another deviated septum operation occurred in January 1972 and was performed by a Dr. John Gibbs. R. at 5. However, records of this operation are not found in the record on appeal. In 1987, appellant was diagnosed with chronic obstructive pulmonary disease. R. at 7, 121. Appellant was denied service connection by the rating board in a September 30, 1988, rating decision. R. at 104. The rating board found that a deviated nasal septum was not shown to be incurred in or aggravated by service. *Id.* In a deferred or confirmed rating decision, dated October 7, 1988, the rating board determined that the new evidence submitted by appellant was not new and material. R. at 126. On October 28, 1988, Dr. Mary Lynn Allen, appellant's VA treating physician, mailed a letter to the Charleston, South Carolina, VA Regional Office stating:

> [Appellant] is a patient at the VA Hospital in Charleston and is followed for sinusitis and emphysema. He had an operation for a deviated septum while in service. This operation was done in order to eleviate [sic] his sinusitis. The patient's sinusitis is a problem that often exacerbates his severe emphysema which further worsens his general condition. Since treating the sinusitis his emphysema has improved. There is clearly a relationship between the sinusitis and emphysema.

R. at 132. On November 23, 1988, by a deferred or confirmed rating decision, the rating board did not find Dr. Allen's report sufficient to establish service connection for deviated nasal septum and continued to deny service connection. R. at 134. A formal claim for service connection for a septectomy operation and sinusitis was filed on behalf of appellant by his representative. R. at 139. In a May 26, 1989, rating decision, the rating board denied service connection for a septectomy operation and sinusitis because "there [were] no service medical records showing such treatment." R. at 141. From the record, it appears that these rating decisions were decided without appellant's entire service medical records which included duty with both the U.S. Navy and Marines. Appellant filed his Notice of Disagreement on July 7, 1989. The rating board, in its September 6, 1989, rating decision, admitted that a septectomy was performed in service, but continued to disallow service connection for a deviated nasal septum because it found that the operation was due to a prior injury. R. at 145. Appellant was sent a Statement of the Case on September 28, 1989. R. at 147–151. Dr. Allen sent another letter to the Charleston, South Carolina, VA, Regional Office stating:

> [Appellant] has trouble with emphysema and sinusitis. While [appellant] was in the military service he had surgery for a deviated septum. In some cases, a deviated septum can cause sinusitis or worsen sinusitis. I believe this patient's history of a deviated septum and his sinusitis are related.

R. at 156. On May 24, 1990, in a confirmed rating decision, the rating board decided that the medical reports from June 7, 1988, to April 11, 1990, from the Charleston, South Carolina, VA Medical Center, were new but not material. R. at 174. The BVA upheld the denial of service connection for sinusitis on February 1, 1991. *See Richard P. Dunnagan*, BVA 91–03333 (Feb. 1, 1991).

■ Under 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)) and *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1991), the BVA is required to provide in its decisions not only

a written statement of its findings and conclusions but also the reasons or bases for them. Here, the Board's entire discussion was:

> In the present case, service medical records, including the veteran's various service entrance and separation examinations, are negative for history, complaints, or abnormal findings indicative of the presence of sinusitis. While in March 1951, during the veteran's second period of active military service, he experienced various problems with a deviated nasal septum culminating in a septectomy, no evidence of sinusitis was noted at that time. The earliest clinical indication of the presence of chronic sinusitis is revealed by a statement from the veteran's treating physician dated in October 1988, approximately 37 years following service discharge. We acknowledge recent statements by the veteran's physician regarding the potential relationship between nasal deformity and sinusitis. However, following a full review of the pertinent evidence of record, we are unable to reasonably associate the veterans's current sinusitis, first persuasively documented many years following service discharge, with any incident (including the March 1951 septectomy) of his period of active military service. Consequently, we are unable to reach a favorable decision in this case.

*Dunnagan*, BVA 91–03333, at 3–4.

The Board did not provide any reasoning behind its decision except to highlight the fact that appellant's disorder did not occur until many years after service. This Court does not know what causes sinusitis. It could be an ailment that takes a long time to develop or it could be chronic. Nonetheless, the Board has not provided adequate reasons or bases for this Court to determine if there is a plausible basis upon which to deny appellant's claim. Even if an injury to his nose occurred prior to service, appellant did not have problems with his sinuses until after he was in service. The Board has not offered any evidence to show that his disorder was not aggravated by service. *See* 38 C.F.R.

§ 3.306 (1991). As this Court stated in *Gilbert v. Derwinski*, 1 Vet.App. at 57:

> In view of the mandate of § [7104(d)(1)] that the BVA articulate with reasonable clarity its "reasons or bases" for decisions, and in order to facilitate effective judicial review, the Board must identify those findings it deems crucial to its decision and account for the evidence which it finds to be persuasive or unpersuasive. These decisions must contain clear analysis and succinct but complete explanations. A bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor "clear enough to permit effective judicial review," nor in compliance with statutory requirements.

The Board cannot make a medical determination based on its own opinion. The Court has previously determined that medical decisions based solely on the Board's opinion do not constitute adequate reasons or bases. In *Colvin v. Derwinski*, 1 Vet.App. 171, 175 (1991), the Court stated:

> BVA panels may consider only independent medical evidence to support their findings. If the medical evidence of record is insufficient, or in the opinion of the BVA, of doubtful weight or credibility, the BVA is always free to supplement the record by seeking an advisory opinion, ordering a medical examination or citing recognized medical treatises in its decisions that clearly support its ultimate conclusions.

*See also Murphy v. Derwinski*, 1 Vet.App. 78, 82–83 (1991) (BVA is required to provide reasons or bases for its medical determinations).

Upon consideration of the pleadings, appellant's informal brief, and a review of the record, it is the holding of the Court that the BVA has failed to articulate, pursuant to 38 U.S.C. § 7104(d)(1) and the analysis in *Gilbert*, the reasons or bases for its decision. The criteria for summary disposition set forth in *Frankel v. Derwinski*, 1 Vet. App. 23 (1990), are met. Therefore, the Secretary's motion for summary affirmance is DENIED and the BVA decision is

VACATED, and the matter is REMAND-ED to the Board for readjudication and disposition in accordance with this memorandum decision.