Bobby G. **ARGO,** Appellant,

v.

Edward J. **DERWINSKI,** Secretary of Veterans Affairs, Appellee.

No. 90–152.

United States Court of Veterans Appeals.

Submitted March 25, 1992.

Decided ·June 25, 1992.

Bobby G. Argo, pro se.

James A. Endicott, Jr., Gen. Counsel, Barry Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and John D. Lindsay, Jr., Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Bobby G. Argo, appeals from a November 30, 1989, decision of the Board of Veterans' Appeals (BVA). In that decision, the BVA denied his claim for entitlement to reimbursement for medical expenses incurred in May 1987. The Court affirms the BVA decision.

Appellant had active service from May 1961 to July 1986. In May 1987, he was transferred from U.S. Air Force Medical Center, Scott Air Force Base, Illinois, to a

private hospital where he underwent emergency heart surgery. He submitted a claim for service connection for his cardiovascular disorder on January 11, 1988. Service connection was established for arteriosclerotic heart disease with coronary artery bypass graft, effective January 11, 1988, the date of the claim.

Under the general rule, set forth in 38 U.S.C. § 5110(a) (formerly 38 U.S.C. § 3010(a)), an award based on an original claim or a claim reopened after final adjudication cannot be effective "earlier than the date of receipt of application therefor." In order for appellant to be reimbursed for medical expenses incurred as a result of heart surgery in May 1987, treatment must have arisen from a condition previously determined to be service-connected. Under 38 C.F.R. § 17.85(b)(2) (1991), expenses of medical care or services rendered prior to the effective date of an award of service connection may not be reimbursed. Accordingly, the BVA found that appellant is not entitled to reimbursement for medical expenses incurred in May 1987, before service connection for his heart disease had been established, because these services were rendered prior to the date of his ultimately successful claim. Appellant's claim does not fall into any of the categories that would permit an effective date prior to the date on which his claim was submitted. *See generally* 38 U.S.C. § 5110.

Upon consideration of the pleadings of the parties and a review of the record on appeal before this Court, it is the holding of the Court that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal. *See Gilbert v. Derwinski*, 1 Vet. App. 49 (1990). It is further held that summary disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

Therefore, appellee's motion for summary affirmance is GRANTED and the decision of the BVA is AFFIRMED.