**Jack MILLER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–1103.

United States Court of Veterans Appeals.

Aug. 7, 1992.

fusing to reopen the appellant's previously denied claim for service-connected disability compensation for brain damage. Because the Court finds that the appellant has not submitted new and material evidence to reopen his claim, the Board's decision will be affirmed.

The veteran served on active duty in the United States Army from December 2, 1941, to October 10, 1945. R. at 2. During his service, the veteran participated in numerous organized boxing matches. He has stated that he was not allowed time to train properly for his fights, that he received numerous blows to the head during such fights, and that he was injured in some of his fights, once so severely that hospitalization was required. He asserts that he has suffered brain damage as the result of those fights, entitling him to service connection for that condition.

The veteran's claim for service connection for brain damage was denied by prior final BVA decisions in 1966 and 1978. R. at 29–34, 68–75. In 1988, the veteran submitted additional evidence and requested that his claim be reopened. The evidence then submitted consists of several magazine articles regarding brain damage as a result of boxing (R. at 37–66); a publication entitled "A History of the Second United States Armored Division 1940–1946" (R. at 99–103); a November 28, 1965, letter from Brigadier General William R. Buster, stating that appellant participated in several boxing matches during service, and once was severely injured and required hospitalization (R. at 94–95); a 1943 photograph of the veteran, which he states demonstrates facial injuries due to an in-service boxing match (R. at 96); and a report of a November 11, 1988, CT scan of his brain (R. at 80). The CT scan revealed a "tiny focal low attenuation lesion on the left basal ganglia region"; the radiologist stated that the lesion was "of uncertain significance", but that he could not exclude a "tiny focal lacunar infarct on the left". R. at 80. (An "infarct" is "an area of coagulation necrosis in a tissue due to local ischemia resulting from obstruction of circulation in the area"; "lacunar" refers to "a small pit or

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, decorated World War II combat veteran Jack Miller, appeals from a May 15, 1991, decision of the Board of Veterans' Appeals (BVA or Board) re-

hollow cavity". DORLAND'S MEDICAL DICTIO-NARY 833, 890–91 (27th ed. 1988).)

In its May 15, 1991, decision, the BVA concluded that the evidence submitted since the Board's prior denial of the claim in 1978 was not "new and material", and that, therefore, there was no basis for reopening and readjudicating the veteran's claim. *Jack Miller*, BVA 91–16072, at 4 (May 15, 1991). The Board stated that the several articles submitted by the veteran were not "new" because similar articles were of record at the time of the prior decisions, and that the copies of letters and the photograph submitted by the veteran were "cumulative" because they related to the establishment of facts that were already established at the time of the previous BVA decisions. With regard to the November 1988 CT scan report, the Board stated that the evidence was "new and relevant, but not probative", and that it did not "present a reasonable possibility for an allowance of the veteran's claim", since it "shows only a tiny 'spot' on the veteran's brain, more than 40 years after separation from service, and of uncertain significance." *Miller*, BVA 91–16072, at 4.

■ Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously and finally disallowed claim must be reopened by the Secretary of Veterans Affairs (Secretary) when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C. § 7104(b) (formerly § 4004). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-step analysis. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones (McArthur) v. Derwinski*, 1 Vet. App. 210, 215 (1991). If there is no new and material evidence, the claim may not be reopened and allowed. 38 U.S.C. §§ 7104(b), 5108.

■ "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. *Colvin v. Derwinski*,

1 Vet.App. 171, 174 (1991). For evidence to be "material", it must be "relevant and probative" and "there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Ibid; Jones, supra;* 38 C.F.R. § 3.156 (1991). For the reasons set forth below, the Court agrees with the Board that the evidence submitted by the veteran since the prior final Board decision in 1986 was not "new and material", and that, therefore, the claim could not be reopened.

■ The 1943 photograph and the Buster letter were before the Board at the time of its previous decisions; those items are specifically mentioned in the summary of the evidence in the Board's 1966 decision. R. at 31. Although the recently submitted magazine articles were not before the Board at the time of its prior decisions, the Board's 1978 decision states that it had considered "a number of newspaper articles dealing with brain damage as a result of boxing" that had been submitted by the veteran. R. at 72. Therefore, the recently submitted magazine articles to the same effect are merely cumulative of other evidence previously considered by the Board, and are not "new and material" evidence within the meaning of 38 U.S.C. § 5108. The article regarding the Second U.S. Armored Division is not "material", since it offers no evidence that the veteran suffers current brain damage attributable to his service, and thus does not create a reasonable possibility of changing the outcome. Finally, the 1988 CT scan is not "material" for purposes of justifying reopening. Although the CT scan does indicate that the veteran currently has a small lesion on his brain, it does not provide any basis for concluding that the lesion is the result of the veteran's in-service boxing matches. Similarly, the articles submitted by the veteran indicate that brain damage may be caused by boxing injuries, but there is no evidence, such as the opinion of a physician, that the lesion on the veteran's brain in this case is related to his in-service boxing injuries sustained forty years earlier. Absent any such evidence of a causal rela-

tionship, there is not a reasonable possibility that the new evidence would change the outcome of the prior final decisions denying the veteran's claim.

Upon consideration of the record, the Secretary's motion for summary affirmance, the appellant's informal brief, and his reply to the Secretary's motion, it is held that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Secretary's motion for summary affirmance is granted, and the May 15, 1991, BVA decision is affirmed.

AFFIRMED.