Doris B. GARTMAN, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1196.

United States Court of Veterans Appeals.

Sept. 4, 1992.

As Amended Sept. 29, 1992.

Before STEINBERG, Associate Judge.█

ORDER

The pro se appellant, Doris B. Gartman, spouse of deceased veteran Grady Gartman, appeals a September 10, 1990, Board of Veterans' Appeals (BVA or Board) decision denying her entitlement to dependency and indemnity compensation (DIC) (38 U.S.C. § 1310(a) (formerly § 410)) and to accrued pension benefits in connection with medical bills incurred and paid by the veteran before his death (38 U.S.C. § 5121 (formerly § 3021)). On February 20, 1992, the Secretary of Veterans Affairs (Secretary) submitted a motion for summary affirmance.

The veteran died on July 3, 1989, of respiratory failure due to chronic obstructive pulmonary disease complicated by nosebleed. R. at 57. He was receiving a needs-based pension from the Department of Veterans Affairs (VA) at the time of his death. R. at 51. On October 12, 1989, the VA Regional Office (RO) denied appellant's DIC claim, stating that the veteran had made no complaints of any lung condition while in service. R. at 192. The RO also denied the claim for accrued pension benefits in connection with the medical expenses. Appellant claims to have mailed an IMPROVED PENSION ELIGIBILITY VERIFICATION REPORT on June 30, 1989; the VA received it on July 5, two days after the veteran's death. R. at 225–26; Doris B. Gartman, BVA 90–30966, at 4 (Sept. 10, 1990). The RO denied the accrued pension benefits claim on the ground that there was "no accrued amount payable". R. at 205. Appellant appealed the denial of both claims to the BVA. On September 10, 1990, the BVA denied the DIC claim, finding that the veteran's death was not service connected. The BVA also denied the accrued pension benefits claim, finding that, because the evidence of the payment of the medical bills was received after the veteran's death, those expenses could not

be used in the computation of accrued benefits to which he was entitled during his lifetime. *Gartman*, BVA 90–30966, at 4.

 Summary disposition is appropriate in this case because it is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court holds that, as to the DIC claim, appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand. There is a "plausible basis" in the record for the Board's denial of service connection. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). As to the accrued pension benefits claim, the case will be remanded to the Board for readjudication in light of the Court's decision in *Conary, et al. v. Derwinski*, 2 Vet.App. 109 (1992). *See also id.* (Steinberg, J., concurring). On consideration of the foregoing, it is

ORDERED that the Secretary's motion for summary affirmance is granted with respect to the DIC claim, and the Court affirms the September 10, 1990, BVA decision on that claim. It is further

ORDERED that the Board's September 10, 1990, decision is vacated insofar as it denies the claim for accrued pension benefits for medical expenses paid prior to the veteran's death. The Court remands the case to the Board for full readjudication on that claim, with the right of appellant to submit further evidence and argument. *See Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new BVA decision is mailed to the appellant.