**Donald L. STRINGHAM, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

No. 91–1902.

United States Court of Veterans Appeals.

Dec. 28, 1992.

Before KRAMER, Associate Judge.

MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant, Donald L. Stringham, appeals from a June 27, 1991, decision of the Board of Veterans' Appeals (BVA) denying him eligibility for disability compensation benefits because of the character of appellant's discharge from military service. Appellant was discharged in August 1970 under conditions other than honorable. The facts are not in dispute, except as indicated in this decision.

Title 38 of the United States Code, section 101(2), defines a veteran as a person who, inter alia, "was discharged ... under conditions other than dishonorable." Based on this statutory provision, 38 C.F.R. § 3.12(a), (b) (1991) states that, as relevant here, eligibility for compensation is barred unless there is a discharge under conditions other than dishonorable. While no statute or regulation generally states that dishonorable conditions are equivalent to conditions other than honorable, as relevant here, § 3.12(d)(4) states as follows:

(d) A discharge or release because of one of the offenses specified in this paragraph is considered to have been issued under dishonorable conditions.

.    .    .    .    .

(4) Willful and persistent misconduct. This includes a discharge under other than honorable conditions, if it is determined that it was issued because of willful and persistent misconduct. A discharge because of a minor offense will not, however, be considered willful and persistent misconduct if service was otherwise honest, faithful and meritorious.

The BVA indicated in its decision that there were six periods of absence without leave (AWOL), but indicated that the first period did not constitute willful misconduct. In making this determination, it is apparent that the BVA relied on Item 26a of appellant's DD Form 214 which indicates non-pay periods and time lost. There is nothing in the record on appeal, however,

to indicate that time listed under 26a and AWOL are synonymous. (To the contrary, the Secretary of Veterans Affairs and appellant both agree that the record indicates four nonjudicial punishments for AWOL totalling 22 days, and one nonjudicial punishment for failure to obey an order.) The BVA concluded that appellant's reasons for going AWOL were inadequate under 38 C.F.R. § 3.12(c)(6)(i)-(iii). The Court notes, however, that the BVA's reliance on this provision is erroneous in that the provision is applicable only where the discharge is issued as a result of an AWOL for a continuous period of at least 180 days, a situation not present here. The BVA then concluded that appellant's AWOLs constituted willful and persistent misconduct. In so doing, other than using the term "repeated periods," *Donald L. Stringham*, BVA 91–39060, at 8 (June 27, 1991), the BVA failed to give adequate reasons or bases for considering this conduct willful and persistent. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). The Court notes that the BVA failed to consider the minor offense exception contained in § 3.12(d)(4) and mentioned only that appellant's tour of decorated service in Vietnam, including the award of a Purple Heart, was "relatively short." *Stringham*, BVA 91–39060, at 8.

In analyzing the minor offense exception on remand, the BVA, at a minimum, will address the arguments presented by appellant in section IA of his brief. In addition, as to the question of willful and persistent misconduct, the Court notes that it is uncontested that appellant is service-connected for post-traumatic stress disorder (PTSD) for purposes of medical eligibility. Upon remand, the BVA shall provide adequate reasons or bases as to the bearing that this condition had on such conduct. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990).

Even assuming that appellant's discharge is properly based on willful and persistent misconduct pursuant to 38 C.F.R. § 3.12(d)(4), nevertheless, such conduct is excused under 38 C.F.R. § 3.12(b) if it was committed while appellant was insane. In addressing this provision, the BVA simply concluded, without adequate reasons or bases, that even if PTSD was present at the time of the misconduct, it did not constitute insanity. In this regard, however, the BVA failed to consider the expansive definition of insanity, and its application in a discharge case, contained in 38 C.F.R. § 3.354(a), (b) (1991).

Summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Upon careful consideration of the record and the filings of the parties, the Court vacates and remands the BVA decision for proceedings consistent with this decision.