George R. RONCEVICH, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–685.

United States Court of Veterans Appeals.

Nov. 17, 1994.

Before KRAMER, Judge.

**MEMORANDUM DECISION**

*Note: Pursuant to U.S. Vet.App.R. 28(j), this action may not be cited as precedent.*

KRAMER, Judge:

The appellant, George R. Roncevich, appeals a June 3, 1993, decision of the Board of Veterans' Appeals (BVA) which determined that new and material evidence had not been submitted to reopen a claim of entitlement to service connection for organic residuals of frozen feet. The Court has jurisdiction under 38 U.S.C. § 7252.

The appellant is a World War II veteran who had active service from January 1944 to November 1945. Record (R.) at 13. He was a prisoner of war (POW) from December 1944 to May 1945. Supplemental Record at 9.

In the case of a veteran who is a former POW and who was detained or interned for not less than 30 days, organic residuals of frozen feet (if the Secretary determines that the veteran was interned in climatic conditions consistent with the occurrence of frostbite) which became manifest to a degree of 10% or more at any time after active service shall be presumed to have been incurred in or aggravated by service, notwithstanding the fact that there was no record of such disease during service. 38 U.S.C. § 1112(b)(11); 38 C.F.R. § 3.309(c). New and material evidence is not required to reopen a claim of a former POW for a disease which is presumptively service connected under 38 U.S.C. § 1112(b); all that is required is that the former POW submit a well grounded claim. *Yabut v. Brown*, 6 Vet.App. 79, 82 (1993). Thus, the BVA erred in determining that the appellant must have new and material evidence to reopen his claim for organic residuals of frozen feet.

It is unclear what the BVA determined regarding whether the appellant's claim was well grounded. However, even assuming that the BVA determined that the appellant's

claim was not well grounded, it failed to provide reasons or bases for such a determination. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 57 (1990).

The Court notes that the appellant has requested a VA medical examination to determine the existence and extent of residuals of frozen feet. R. at 164. The Court further notes 38 C.F.R. § 3.326(c) (1993), which seems to require a complete VA examination where rating action would result in an adverse determination regarding a claim of a former POW, such as the August 1990 rating action in this case (R. at 128). Assuming that the BVA determines that the appellant's claim is not well grounded, therefore not triggering the duty to assist under 38 U.S.C. § 5107, it must address whether 38 C.F.R. § 3.326(c) nevertheless requires a VA examination even in the absence of a well-grounded claim.

The Court further notes the October 1982 VA examination report which contained a diagnosis of residuals of frozen feet, and which indicated that the appellant's feet were cool, pale, and moist, and that he had hard protuberances from the upper middle side of the first metatarsal on both feet with the skin reddened due to pressure. R. at 51–52. This examination was followed by an unappealed December 1982 rating decision which denied service connection for organic residuals of frozen feet, not because the appellant did not have residuals to a degree of 10% under 38 C.F.R. § 4.110, DC 7122 (1993) (which provides a 10% rating for residuals of frozen feet "with mild symptoms; chilblains"), but because there were no complaints of or treatment for frozen feet in service, a basis which is not relevant to presumptive service connection under 38 U.S.C. § 1112(b).

■ Summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990). Upon consideration of the above, the BVA decision is VACATED and the matter REMANDED for further proceedings consistent with this decision. On remand, the appellant is free to offer additional medical evidence as to the existence and severity of residuals of frozen feet. *See Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992). He is also free to raise the issue of clear and unmistakable error in the December 1982 rating decision pursuant to 38 C.F.R. § 3.105 and the requirements of *Russell v. Principi,* 3 Vet.App. 310, 313–14 (1992) (en banc), and *Fugo v. Brown,* 6 Vet.App. 40, 43–44 (1993). *See Smith (William A.) v. Brown,* 35 F.3d 1516 (Fed.Cir.1994).