Robert O. JOHNSON, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 90–1333.

United States Court of Veterans Appeals.

Dec. 11, 1992.

Before MANKIN, Associate Judge.

MEMORANDUM DECISION

MANKIN, Associate Judge:

Appellant appeals a September 10, 1990, decision of the Board of Veterans' Appeals (Board or BVA) which denied appellant's claim for receipt of pension benefits, effective July 1989. The Board's decision was based upon the determination that appellant's income exceeded the maximum allowed by law for pension purposes. The Court has jurisdiction of this case under 38 U.S.C. § 7252(a) (formerly § 4052(a)). The

Secretary of Veterans Affairs (Secretary) has submitted a motion for summary affirmance.

The veteran had active military service from October 1951 to February 1952. In September 1988 appellant was rated permanently and totally disabled. In November 1988, the Regional Office awarded pension benefits, effective October 1, 1988, based upon interest and social security income reported on a September 1988 Income–Net Worth and Employment Statement. Appellant submitted an Eligibility Verification Report in October 1989 which indicated that he received $625 per month from Social Security and Railroad Retirement, and which reported unreimbursed medical expenses of $2,631.60 for the 12-month period ending September 30, 1989. In December 1989, appellant submitted a copy of his Railroad Retirement Award Notice, which reflected current monthly benefits of $255.03, and a lump-sum payment of $2,550.19, representing amounts due from May 1, 1988. On December 27, 1989, the Regional Office notified appellant that his pension benefits were terminated because his annual income exceeded the maximum allowance of $6,463. Appellant was also advised that the $2,550.19 lump-sum payment was countable for one year, until July 1990, at which time he could reapply for pension benefits.

Effective December 1, 1988, the maximum rate of improved pension benefits available to appellant under 38 U.S.C. § 1521 (formerly § 521) was $6,463. *See also* 38 C.F.R. § 3.23. Section 3.23(b) provides that pension benefits shall be reduced by the amount of a veteran's countable income. Payments of any kind from any source are counted as income unless specifically excluded. 38 C.F.R. § 3.271(a). Unreimbursed medical expenses paid within the 12-month annualization period are excluded from income to the extent that they are in excess of 5% of the maximum annual pension rate. 38 C.F.R. § 3.272(g)(1)(iii). The Board correctly determined that appellant's railroad retirement award and lump-sum payment are countable income for VA pension purposes under section § 3.271(a). Thus, the Board calculated appellant's

countable annual income from July 1, 1989, as $7,487. Although appellant's unreimbursed medical expenses were considered in calculating countable annual income, the amount was not sufficient to reduce appellant's income below the maximum sum of $6,463 allowed under § 1521. R. at 15.

Upon consideration of the record, appellant's brief, and the Secretary's motion for summary affirmance, the Court holds that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal or remand. *Id.; see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed.Cir.1990). The Court is also satisfied that the BVA decision meets the "reasons or bases" requirements of 38 U.S.C. § 5107(b) (formerly § 3007(b)). See *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Summary disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is granted and the September 10, 1990, decision of the Board is AFFIRMED.