**Mary Jo WILLIAMS, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–2107.**

United States Court of Veterans Appeals.

Feb. 12, 1993.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, Mary Jo Williams, widow of World War II veteran Perry O. Williams, appeals from an October 3, 1991, decision of the Board of Veterans' Appeals (BVA or Board) concluding that there was no clear and unmistakable error in an unappealed rating decision of May 17, 1962, which had denied the appellant's claim for dependency and indemnity compensation (DIC) based on service connection for the cause of the veteran's death and that the appellant had failed to submit new and material evidence to warrant reopening that DIC claim. *Perry O. Williams*, BVA 91–32797 (Oct. 3, 1991). The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. Summary disposition is appropriate here because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990). Because the Court finds that the Board's decision denying the appellant's claim of clear and unmistakable error in a prior final decision was not arbitrary or capricious and that new and material evidence was not submitted to warrant reopening the claim, it will grant the Secretary's motion and affirm the Board's decision.

### I. BACKGROUND

The veteran served on active duty in the United States Marine Corps from April 1944 to July 1946. R. at 1, 16. In August 1946, A Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) awarded him service connection for chronic bronchitis, rated as 10% disabling, and a fungal infection of the feet, rated as 0% disabling. R. at 17. The veteran received disability benefits for his chronic bronchitis effective from July 1946 until the time of his death on March 8, 1962. R. at 17, 36. The cause of death noted on his death certificate was pulmonary edema and congestion of unknown etiology. R. at 32. A subsequent autopsy protocol found that the veteran died of natural causes and confirmed that at the time of his death he had suffered from pulmonary edema, pulmonary congestion, and minimal apical pulmonary emphysema. R. at 33–35.

The appellant's DIC claim was denied by a prior final RO decision in May 1962. Supp.R. at 1. She contends that because the veteran's service-connected chronic bronchitis "rendered [him] materially less capable of resisting the effects of pulmonary emphysema, pulmonary congestion, and [pulmonary] edema", the RO committed clear and unmistakable error by failing to "service connect the cause of death on a contributory basis". R. at 47. *See* 38 C.F.R. §§ 3.105(a), 3.312 (1992). The appellant further asserts that the autopsy report listed the cause of her husband's death as pulmonary emphysema, and that because emphysema cannot reasonably be dissociated from the veteran's service-connected chronic bronchitis, the RO committed clear and unmistakable error in its decision denying her claim. R. at 40.

### II. ANALYSIS

#### A.

"Clear and unmistakable error", under 38 C.F.R. § 3.105(a), requiring revision of a prior final RO or Board decision exists only where it appears "undebatably" that "[e]ither the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied." *Russell v. Principi*, 3 Vet. App. 310, 313 (1992) (en banc). On appeal of a Board decision that clear and unmistakable error was not made in a previous final adjudication, the Court's scope of review is to determine whether that conclusion was "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law...." *Russell*, 3 Vet.App. at 315 (quoting 38 U.S.C.A. § 7261(a)(3)(A) (West 1991)). Of course, as is true in all cases, this Court must review the Board's decision to determine whether it provided adequate "reasons or bases" in support of its findings. *Id.* at 315; *see* 38 U.S.C.A. § 7104(d)(1) (West 1991); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990).

In concluding that there was no clear and unmistakable error in the 1962 RO decision, the Board stated:

> While it is true that emphysema and bronchitis may have some symptoms in common, the clinical evidence then of record [in 1962] only confirmed the presence of minimal emphysema at time of death, as reported on autopsy.... Most significantly, neither the autopsy protocol report nor the certificate of death attributed the veteran's death to bronchitis. In fact, the autopsy protocol report appeared to attribute his death to natural causes, and only apparently referred to the minimal emphysema as an incidental finding.... Since emphysema is not shown to have been present in service and is a pulmonary disability distinct from bronchitis, there was a tenable basis for denying the appellant's claim. Therefore, we cannot conclude that the RO committed clear and unmistakable error in finding in May 1962 that service connection was not warranted for the cause of death.

*Perry O. Williams*, BVA 91–32797, at 5–6. The Court holds that (1) the Board did not act arbitrarily or capriciously in determining that the 1962 RO decision was fully supported by the evidence then of record under the provisions of law and regulations then applicable and thus did not contain clear and unmistakable error and (2) that the Board provided adequate reasons or bases in support of its 1991 decision.

### B.

■ Pursuant to 38 U.S.C.A. § 5108 (West 1991), a previously and finally disallowed claim must be reopened by the Secretary when "new and material evidence" is presented or secured with respect to that claim. 38 U.S.C.A. § 7104(b) (West 1991). In considering claims to reopen previously and finally disallowed claims, the Board must first determine whether the evidence presented or secured subsequent to the prior final disallowance of the claim is "new and material". *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). Evidence is "new" if it is not "merely cumulative" of other evidence in the record; it is "material" if it is "relevant [to] and probative of the issue at hand" and there is a "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin v. Derwinski*, 1 Vet. App. 171, 174 (1991). The determination as to whether evidence is "new and material" is a conclusion of law, which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones (McArthur) v. Derwinski*, 1 Vet. App. 210, 213 (1991); *Colvin, supra.*

■ The evidence submitted by the appellant subsequent to the prior final disallowance of her claim consists of the sworn testimonial evidence of the appellant and her son before the RO in April 1991. The appellant testified under oath that the veteran had been a cigarette smoker and that on the morning of his death the veteran was in no apparent distress, respiratory or otherwise. She further stated that she could not recall any occasion in the years immediately preceding the veteran's death where he sought medical treatment for any lung condition and that he did not seem to have any respiratory problems. R. at 52, 54. Her son testified under oath that he had no recollection of the events that transpired prior to the veteran's death. R. at 53. Because neither the appellant's nor her son's testimony lends support to the appellant's contention that the veteran's service-connected chronic bronchitis caused or contributed substantially or materially to the veteran's cause of death, the evidence is not probative and, therefore, not material. Also of record is a letter from the Teton County Deputy Coroner, submitted in an attempt to discredit the autopsy

protocol report's conclusion that the veteran's died of natural causes, which states that it was a practice to label a cause of death due to "natural causes" where there was no indication of foul play, suicide, or accidental overdose of prescription drugs, and where no autopsy was performed in the case. R. at 58. Because an autopsy was performed in the case under consideration, the Deputy Coroner's statement is not material to the appellant's claim. Thus, new and material evidence was not submitted to reopen her claim, and the Board's decision will be affirmed.

## III. CONCLUSION

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C.A. §§ 7252, 5107(b), 7104(d)(1), 7261 (West 1991), and the analysis in *Gilbert, supra*. The Court grants the Secretary's motion for summary affirmance and summarily affirms the October 3, 1991, BVA decision.

AFFIRMED.