**Herman PADGETT, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–992.

United States Court of Veterans Appeals.

Feb. 24, 1993.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, Vietnam veteran Herman Padgett, appeals from a February 15, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to an effective date earlier than February 5, 1985, for his 100% disability rating for his service-connected post-traumatic stress disorder (PTSD). *Herman Padgett*, BVA 91–05179 (Feb. 15, 1991). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Secretary's motion will be granted and the decision of the Board affirmed.

In a February 1982 decision, a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) granted the veteran service connection for PTSD, at a 10% rating, effective from June 2, 1981. R. at 54. He appealed that decision to the BVA, asserting entitlement to a higher rating. Before the BVA rendered a decision on the appeal, the RO, pursuant to a report of hospitalization from April 18 to June 16, 1983, increased the veteran's PTSD rating to 50% effective from June 2, 1981. R. at 134. The veteran continued his appeal to the BVA, seeking a higher rating. R. at 136. In a September 13, 1984, decision, the BVA denied a rating higher than 50% for the veteran's PTSD. R. at 149–53.

In March 1985, the veteran asserted to the RO that his PTSD had worsened and requested a higher rating for the condition. R. at 154. In a May 1985 decision, the RO awarded a temporary 100% rating under 38

C.F.R. § 4.29 on account of the veteran's hospitalization from February 5 to March 8, 1985, for his PTSD; the veteran's rating was reduced to 50% in April 1985. R. at 158; *see* 38 C.F.R. § 4.29 (1992). In an August 1985 decision, the RO awarded a 100% rating for PTSD effective from February 5, 1988, the date of the veteran's most recent hospitalization at that time. R. at 177. In a January 1986 letter to the RO, the veteran requested consideration of whether he was entitled to payment of his award retroactive to July 1983. R. at 186. In a March 1986 letter, the RO informed the veteran that the 100% rating was effective only as of February 1985. R. at 188.

In April 1989, the veteran submitted to the RO a claim for an effective date retroactive to June 1981 for his 100% PTSD rating. R. at 189. As the ground for the claim, the veteran asserted that there was "clear and unmistakable error" in prior rating decisions that required revision of those decisions under 38 C.F.R. § 3.105(a) because "the previous decision which was rendered in this case, all the way back to the original application, clearly showed that the veteran was entitled to a total evaluation under the provisions of Diagnostic Code [(DC)] 9411 of the 1945 [r]ating schedule and therefore a 100% evaluation should be conceded in the veteran's behalf." *Ibid; see also* R. at 433, 478.

In its February 1991 decision, the Board stated that the September 1984 BVA decision denying a rating higher than 50% for PTSD was final, and concluded that there was no basis for awarding an effective date earlier than February 5, 1985, for the 100% PTSD rating. The Board stated:

> There was no medical basis prior to February 5, 1985, to warrant the assignment of a 100 percent evaluation. The VA reports of special psychiatric evaluations and hospitalizations prior to February 5, 1985, did not disclose total social and industrial impairment which would have warranted the assignment of a 100% evaluation. It was not until the veteran was hospitalized on February 5, 1985, for treatment of his [PTSD], that total disability was demonstrated and continued to be shown on later dated reports of special psychiatric examinations.

*Herman Padgett,* BVA 91–05179, at 6.

█ The September 1984 BVA decision denying a rating higher than 50% for PTSD is final based on the evidence then of record. *See* 38 U.S.C.A. § 7104(b) (West 1991); *Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). The August 1985 RO decision assigning an effective date of February 5, 1985, for the 100% rating then assigned for PTSD is also final based on the evidence then of record, because the veteran did not file a Notice of Disagreement with that decision within one year after the date of mailing of notice of that decision. *See* 38 U.S.C.A. § 7105(b)(1), (c) (West 1991); *Rowell v. Principi,* 4 Vet.App. 9, 11 (1993). Although the Secretary is required under 38 U.S.C.A. § 5108 (West 1991) to reopen claims that have been previously and finally denied by the RO or BVA when "new and material evidence" is presented or secured with respect to the claim, such a reopening could not result in an earlier effective date because, with certain exceptions not relevant here, an award granted on a reopened claim may not be made effective prior to the date of receipt of the reopened claim. 38 U.S.C.A. § 5110(a) (West 1991); 38 C.F.R. § 3.400(q)(1)(ii) (1992).

█ The only basis on which the veteran here could possibly be entitled to an earlier effective date for his 100% PTSD rating would be if it were found that the RO or BVA had committed "clear and unmistakable error" in a prior final decision and that, absent such error, he would have received a 100% rating at the time of the prior decision. *See Russell v. Principi,* 3 Vet.App. 310, 312–15 (1992) (en banc); 38 C.F.R. § 3.105(a) (1992). In *Russell,* this Court held that under section 3.105(a) "clear and unmistakable error" requiring revision of a prior final RO or BVA decision exists only where it appears "undebatably" that "[e]ither the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied." *Russell,* 3 Vet.

App. at 313. Clear and unmistakable error will not be found based upon a mere "disagreement as to how the facts were weighed or evaluated." *Ibid.* On appeal of a BVA decision that "clear and unmistakable error" was not made in a previous final adjudication, the Court's scope of review is to determine whether that conclusion was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." *Id.* at 315 (quoting 38 U.S.C. § 7261(a)(3)(A) (formerly § 4061)). As with all BVA decisions, a decision that there was no clear and unmistakable error in a prior final decision must be supported by an adequate statement of reasons or bases. *Ibid.; see also* 38 U.S.C.A. § 7104(d)(1) (West 1991); *Gilbert v. Derwinski,* 1 Vet.App. 49, 56–57 (1990).

In the present case, the veteran asserted that the RO and BVA had committed clear and unmistakable error in their prior final decisions between 1982 and 1985 by failing to award a 100% rating effective as of 1981. Although the veteran appears to have asserted no more than a mere "disagreement as to how the facts were weighed or evaluated" in the prior final decisions, which, as stated above, is not a cognizable ground for revision under section 3.105(a), his claim also can be construed as a claim that the RO and BVA failed to apply correctly the regulatory provisions in 38 C.F.R. § 4.132, DC 9411, as they existed at the time of those decisions, for rating disability due to PTSD and thus may be a cognizable section 3.105(a) claim that "the statutory or regulatory provisions extant at the time were incorrectly applied". *Russell,* 3 Vet.App. at 313.

██ That question need not be decided, however, because the Court holds that the Board's conclusion that entitlement to a 100% disability rating was not demonstrated until February 5, 1985, and that there was thus no error in the 1984 BVA decision or the RO decisions between 1982 and 1985, was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law". 38 U.S.C.A. § 7261(a)(3)(A) (West 1991); *see Russell,* 3 Vet.App. at 315. Furthermore, the Board provided adequate reasons or bases for its conclusion that there was no evidence prior to February 5, 1985, to support a 100% PTSD rating and, therefore, for its denial of an earlier effective date for that rating on the basis of clear and unmistakable error in prior final RO and BVA decisions. *See* 38 U.S.C.A. § 7104(d)(1); *Russell, supra; Gilbert, supra.*

Upon consideration of the record, the appellant's brief, and the Secretary's motion for summary affirmance, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C.A. §§ 7252, 7104(d)(1), 7261 (West 1991) and the analysis in *Gilbert, supra.* The Secretary's motion for summary affirmance is granted, and the February 15, 1991, BVA decision is affirmed.

AFFIRMED.