**Donald H. PETERSON, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–2207.

United States Court of Veterans Appeals.

Feb. 25, 1993.

Before KRAMER, Associate Judge.

MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant, Donald H. Peterson, appeals a September 4, 1991, decision of the Board of Veterans' Appeals (BVA) denying service connection for rheumatoid and degenerative arthritis of multiple joints, an increased rating for arthralgia of the shoulders, a compensable rating for rheumatic heart disease, and a total disability rating based on individual unemployability. The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

### Rheumatic heart disease

The evidence is uncontradicted that appellant has left ventricular hypertrophy (R. at 196), mitral valve calcification (R. at 196, 361), and a "stress test compatible [with] ischemic heart disease." Supp.R. at 12. This evidence was not addressed by the BVA. It appears relevant under 38 C.F.R. § 4.104, Diagnostic Code (DC) 7000 (1992).

### Rheumatoid arthritis

The BVA analyzed the issue of an increased rating for arthralgia of both shoulders under DC 5201, limitation of arm motion. The BVA failed to consider, however, whether a rating for limitation of motion for each arm is required under this diagnostic code. *See* 38 C.F.R. § 4.26 (1992).

Moreover, a review of the record reveals that appellant was first rated under this diagnostic code, with retroactive effect, in a rating decision of September 19, 1960. R. at 235. However, in a rating decision of December 15, 1971 (R. at 241), appellant's arthralgia was rated under DC 6309–5002. Diagnostic Code 6309, rheumatic fever, states "Note.–Rate residuals under the appropriate cardiac, musculoskeletal, neurological or other diagnostic code, e.g., 7000, 5002 or 8105." In turn, DC 5002 is the code for rheumatoid arthritis. In a rating decision of May 21, 1990, DC 5099–5002 was used. Diagnostic Code 5099 is authorized under 38 C.F.R. § 4.27 (1992), and is used for rating unlisted conditions by analogy. *See also* 38 C.F.R. § 4.20 (1992). The BVA should have addressed the issue of the proper diagnostic code to be utilized. *See Lendenmann v. Principi,* 3 Vet.App. 345 (1992); 38 C.F.R. § 4.27. In addition, as appellant was continuously rated under DC 5002 from 1971 to 1990, the BVA should have considered whether appellant has, in effect, already been service connected for rheumatoid arthritis of the shoulders and, if so, whether such determination is irrevocable under 38 U.S.C.A. § 1159 (West 1991). If the BVA determines that appellant is entitled to service connection for rheumatoid arthritis of the shoulders, it should then determine entitlement to service connection for rheumatoid arthritis in the other relevant locations.

In light of this rating history, the note to DC 6309, 38 U.S.C.A. § 1159, and the absence of evidence in the record regarding

the relationship between appellant's service-connected rheumatic heart disease and rheumatoid arthritis of various locations, if the BVA determines not to rate appellant service connected for rheumatoid arthritis in any of the relevant locations, before doing so, it should obtain either a medical examination or opinion regarding the probability that appellant has rheumatoid arthritis and if so, where it is located and whether appellant's service-connected rheumatic heart disease caused it in any such location. *See* 38 C.F.R. §§ 3.310, 3.326, 3.327, 3.328 (1992).

### Unemployability

After compliance with the above, the BVA shall readjudicate appellant's claim for total disability based on individual unemployability.

### Degenerative arthritis

There is no evidence of record that degenerative arthritis was present either during service or within the one-year presumptive period. *See* 38 C.F.R. §§ 3.307(a)(3), 3.309(a), DC 5002 (1992).

### CONCLUSION

Upon careful consideration of the record and the briefs of the parties, the Court holds that summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990). That part of the decision of the BVA is AFFIRMED as to the denial of service connection for degenerative arthritis. The remainder of the BVA decision is VACATED and REMANDED for further proceedings consistent with this decision.