MEMORANDUM DECISION
IVERS, Associate Judge:
Gerald A. Ennis, Jr. appeals a September 7, 1990, decision of the Board of Veterans’ Appeals (BVA or Board) which denied his reopened claim for service connection for residuals of frostbite of the feet, legs, and head. The Secretary of Veterans Affairs (Secretary) filed a motion for summary af-firmance. The Court has jurisdiction of the case under 38 U.S.C.A. § 7252(a) (West 1991).
“[T]he BVA must perform a two-step analysis when a veteran seeks to reopen a claim based upon new evidence.” Manió v. Derwinski, 1 Vet.App. 140, 145 (1991). The Board must first determine whether the evidence submitted since the prior denial of the claim is “new and material.” 38 U.S.C.A. § 5108 (West 1991). If it is not, the case may not be reopened; if it is, “the case is reopened and the BVA must evaluate the merits of the veteran’s claim in light of all the evidence, both new and old.” Manio, 1 Vet.App. at 145.
The Court reviews issues of whether an appellant has submitted “new and material” evidence on a de novo basis. Colvin v. Derwinski, 1 Vet.App. 171 (1991). Material evidence is “relevant and probative of the issues at hand,” and new evidence is that which is not “merely cumulative of evidence in the record.” Id. at 174. Furthermore, in order for evidence to constitute “new and material” evidence, it must raise “a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome.” Id.
Because the BVA decision in this case was rendered prior to this Court’s decisions in Manió and Colvin and thus is not articulated in terms used by this Court in those decisions, it is difficult to determine whether the Board properly reopened a previously disallowed claim. The BVA previously denied the veteran’s claim for service connection for frostbite of the feet, *439 legs, and head with claimed cerebrovascu-lar residuals in March 1983. R. at 2-4. With regard to evidence submitted since that decision, the BVA stated,
The additional evidence submitted since the Board’s denial does not demonstrate that the veteran has residuals of frostbite of the feet, legs and head with claimed cerebrovascular residuals which are related to service. The veteran’s complaints many years after service do not establish the presence of the claimed disorders coincident with service or demonstrate that cerebrovascular disease was present within a year of his service discharge. Upon consideration of the evidence in its entirety, the Board is of the opinion that the evidence added to the record since the prior Board decision does not present a new factual basis on which to allow the veteran’s claim.
Gerald A. Ennis, Jr., BVA 90-30871, at 5 (Sept. 7, 1990).
With regard to specifying exactly what evidence had been submitted since the prior decision of the Board, the Board noted in its findings of fact that “[t]he evidence added to the record since the decision in March 1983 ... consists primarily of [the veteran’s] hearing testimony....” Ennis, BVA 90-30871, at 5. In his motion for summary affirmance, the Secretary lists three items of evidence submitted or received since the prior decision: (1) “a VA hospital summary showing that the veteran was hospitalized from May 1979 to March 1980”; (2) testimony given at a hearing in September 1983; and (3) testimony given at a hearing in February 1990. Secretary’s Mot. at 3.
In his motion, the Secretary states, “The BVA reviewed the ‘newly’ submitted or received evidence and determined it to be essentially cumulative of evidence and contentions previously considered.” Secretary’s Mot. at 3. However, the Board did not use the word “cumulative” to describe the evidence. Judging from the March 1983 BVA decision, it appears that the evidence may be cumulative of evidence previously submitted, but it is difficult for the Court to so hold because the prior evidence is not of record. Moreover, the transcription of the veteran’s testimony at the February 1990 hearing is riddled with gaps, making the testimony incomprehensible. R. at 30-35. In his brief, the veteran alleges “falsification of transc[r]ipts of hearing,” although he claims such falsification occurred in the September 1983 hearing transcript rather than the February 1990 hearing transcript. Appellant’s Informal Br. at 1. The Secretary does not address these allegations in his motion nor does he explain the nature of the problem with the February 1990 hearing transcript.
In addition to these problems with the evidence of record, the Court observes that the veteran’s representative stated in the Informal Hearing Presentation, “The VA examination and subsequent rating decision recognized frostbite residuals of a noncompensable level, but without a history of symptomatology of sympathetic dystrophy and atrial insufficiency.” R. at 44 (emphasis added). This statement raises questions about the nature of the veteran’s claim, i.e., whether it is a claim to reopen a previously denied claim for service connection or whether it is a claim for an increase in a disability rating which is not subject to the reopening requirements of 38 U.S.C.A. § 7104(b) (West 1991). See Proscelle v. Derwinski, 2 Vet.App. 629 (1992) (claim for an increase is a new claim which is not subject to reopening requirements). The VA examination and rating decision referred to are not in the record on appeal. However, it appears from the March 1983 BVA decision that service connection for residuals of frostbite was denied by the Board, and that the task of the BVA in the decision currently before this Court was to decide whether new and material evidence had been submitted to justify reopening the claim for service connection for residuals of frostbite. Nevertheless, on a confirmed rating decision sheet, dated December 6, 1983, a VA rating board designated the veteran’s claim as a “claim for increase” and then further described the claim as, “Reconsideration of service connection of frostbite which the veteran alleges was the forerunner of the CVA [cerebrevascular accident (stroke)] in 1978.” R. at 17. In *440 addition, the September 1990 BVA decision notes, “It is emphasized that the VA examination reflects residuals of frostbite and that these conditions could well be related to an earlier severe case of frostbite,” but the Board does not comment further about this VA examination. Ennis, BVA 90-30871, at 3.
Finally, the Court notes that the veteran’s representative alleged that the veteran’s service medical records (SMRs) were incomplete and requested that the case be remanded for further development (R. at 44), and, according to the hearing officer’s summary of the veteran's testimony at the February 1990 hearing, the veteran “stated that he did not undergo a separation examination when he left service.” R. at 41. No SMRs are contained in the record on appeal; however, the March 1983 BVA decision refers to a separation examination dated in July 1950. R. at 3. In its September 1990 decision, the Board noted the veteran’s assertion “that the [SMRs] are incomplete” but did not address this assertion. Ennis, BVA 90-30871, at 2-3.
While the Court’s rules provide both parties an opportunity to participate in the designation of the record, it is to the Secretary that we must look for an adequate record in the first instance. See U.S.Vet.App.R. 10. The missing documents and the nearly unintelligible transcript of the February 1990 hearing are serious deficiencies. The parties to this case and the Court are not well served by the inadequate record presented here, and the Secretary and his counsel must bear responsibility for the record’s inadequacies.
Given the problems with the February 1990 hearing transcript, the questions raised by the record regarding the nature of the veteran’s claim, and the assertions made by the veteran but not addressed by the Board that his SMRs are incomplete, the Court holds that the decision of the Board must be vacated and the case remanded for further development and read-judication. The Court further holds that summary disposition is appropriate. Frankel v. Derwinski, 1 Vet.App. 23, 25-26 (1990). Accordingly, upon consideration of the record, appellee’s motion for summary affirmance, and appellant’s informal brief, the Court holds that the Secretary’s motion is denied, the decision of the BVA is VACATED, and the case is REMANDED for readjudication consistent with this decision.