**Barbara H. BURCH, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–575.

United States Court of Veterans Appeals.

June 8, 1994.

Barbara H. Burch, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Stephen A. Bergquist, Washington, DC, were on the pleadings for appellee.

Before FARLEY, MANKIN, and IVERS, Judges.

FARLEY, Judge:

This is an appeal from a June 15, 1993, decision of the Board of Veterans' Appeals (Board or BVA) which denied appellant's claims for entitlement to additional pension benefits for two children and to improved death pension benefits based on her income. For the reasons set forth below, we will affirm the decision of the BVA.

**I.**

Jefferson S. Burch, a veteran of World War II, died on December 11, 1978. R. at 23. Appellant, the widow of the veteran, was awarded a non-service-connected death pension effective that date. R. at 150. By letter dated November 23, 1990, the VA regional office (RO) notified appellant of a proposed termination of her pension due to an increase in her income as a result of Social Security benefits. R. at 41. In January 1991, appellant's pension was terminated. R. at 63–64. When appellant objected, a hearing was scheduled for April 9, 1991 (R. at 77), but on April 11, 1991, the decision was confirmed when appellant "did not appear." R. at 101.

Further development of appellant's claim continued, including the receipt of reports from the Social Security Administration and documentation of the fact that, on March 27, 1991, appellant was awarded custody of Jefferson A. Thompson and Patricia Lee Thompson, the two children of her niece. R. at 92, 119, 143.

By letter dated August 13, 1991, the RO informed appellant that adjustments would be made in her pension from October 1, 1988, through December 31, 1988, but that the pension was being terminated effective January 1, 1989. R. at 119. If she disagreed with this determination, appellant was advised to "tell us the reasons why you disagree with this decision. Also explain the relationship of the dependent children in your custody." R. at 120. Appellant noted her disagreement (R. at 127–46) and a Statement of the Case was issued on October 3, 1991. R. at 149–55. Appellant perfected her appeal to the BVA by filing a VA Form 1–9 on November 8, 1991. R. at 157–58.

## II.

In its June 15, 1993, decision, the BVA addressed the two issues appealed by appellant: her entitlement to additional death pension benefits on account of her two dependent children and her entitlement to improved death pension benefits. As to the status of appellant's two dependent children, the Board carefully reviewed the controlling statute, 38 U.S.C. § 101(4), and the applicable regulations, 38 C.F.R. §§ 3.22, 3.23, and 3.57:

> 38 C.F.R. § 3.22 provides for payment of improved pension benefits to a veteran's surviving spouse or children. 38 U.S.C.A. § 101(4) defines the term "child." This term is defined as a person who is unmarried and under the age of 18 years and who is a legitimate child, a legally adopted child and in certain circumstances a stepchild. A person may be deemed to be a legally adopted child of a veteran if such person was at the time of the veteran's death living in the veteran's household and was legally adopted by the veteran's sur-

viving spouse within two years of the veteran's death.

R. at 7.

The Board found that there was no indication in the evidence submitted by and on behalf of appellant that her two dependent children were living in the veteran's household at the time of his death or that they were legally adopted by appellant. The Board concluded that because the children "are not the biological children of the veteran and they do not qualify as adopted children, they do not fall within the purview of the VA's definition of 'child' for the purposes of improved death pension benefits." R. at 8.

Concerning the income-based claim for an improved death pension benefit, the Board stated at the outset that appellant had to be treated as a surviving spouse with no dependents since the two children of whom she had legal custody could not be considered within the statutory definition of "child" for VA purposes. The Board then noted that an improved death benefit pension was subject to a maximum annual income limitation and that, pursuant to 38 C.F.R. § 3.262(f), Social Security benefits are included in the income calculation. Relying upon records of the Social Security Administration, the Board concluded that since appellant's Social Security benefits "exceed the maximum annual income limitation for a surviving spouse with no dependents, it is clear that the appellant's income is excessive for the purposes of determining entitlement to improved VA death pension benefits." *Id.*

## III.

■ The facts are not in dispute and, although the Secretary has moved for summary affirmance, this appeal presents an issue of statutory interpretation, i.e., the definition of "child" under 38 U.S.C. § 101(4), which has not been the subject of a precedential panel decision. Therefore, summary disposition is not appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). The BVA decision is clear, well reasoned, and comprehensive. Although appellant was granted legal custody of Jefferson A. Thompson and Patricia Lee Thompson, neither can be considered a "child" as that term is de-

fined by 38 U.S.C. § 101(4). Therefore, for the reasons stated by the BVA, its decision of June 15, 1993, is AFFIRMED.