GREENBERG, Judge,
concurring:
I am writing separately and respectfully because I believe a panel opinion was unnecessary. This case should have been disposed of by a single Judge.
Congress has provided that this Court “may hear cases by judges sitting alone or in panels, as determined pursuant to procedures established by the Court.” 38 U.S.C. § 7254(b). The statutory command of Congress that a single Judge may issue a binding decision, pursuant to procedures established by the Court, is “unambiguous, unequivocal, and unlimited.” Conroy v. Aniskoff, 507 U.S. 511, 514, 113 S.Ct. 1562, 123 L.Ed.2d 229 (1993). There is no statutory language to suggest that a panel of three has more persuasive value than a single Judge. See 38 U.S.C. § 7254.
In Frankel v. Derwinski, this Court held that the question of whether a matter requires panel consideration “is & function of its precedential value.” 1 Vet.App. 23, 25 (1990). A matter should be disposed of by *365 a single judge if the “case on appeal is of relative simplicity and 1. does not establish a new rule of law; 2. does not alter, modify, criticize, or clarify an existing rule of law; 3. does not apply an established rule of law to a novel fact situation; k. does not constitute the only recent, binding precedent on a particular point of law within the power of the Court to decide; 5. does not involve a legal issue of continuing public interest; and 6. the outcome is not reasonably debatable.” Id. at 25-26 (emphasis added).
The criteria set forth in Frankel are not found in this Court’s enabling statute. However, they have been adopted by the Court’s own internal operating procedures. See IOP 1(b)(2) & 11(b)(2).
It is unclear how the holding in this case involved any of the concepts set forth above. This matter was fully briefed by both parties and the record of proceedings was submitted by the Secretary on April 25, 2016. On July 27, 2016, the matter was submitted to this panel. On December 6, 2016, we heard oral argument. It is reasonable to expect that a single Judge would have disposed of this matter of relative simplicity more quickly. A timely appeal to the Federal Circuit is the preferred course of review of a single Judge disposition which I believe Congress envisioned. See 38 U.S.C. § 7292.